■ Louis E. Marinello, Individually and Doing Business as The Duke's Place, Appellant, v Dryden Mutual Insurance Company, Inc., Respondent. [655 NYS2d 156] —Carpinello, J. Appeal from an order of the Supreme Court (Rose, J.), entered June 19, 1996 in Broome County, which, *inter alia*, granted defendant's cross motion for summary judgment and declared that defendant was not required to defend or indemnify plaintiff in a pending action.

---

On June 22, 1995, an altercation took place at plaintiff's tavern between bar patrons Stephen Griffen, Michael Zupo and Scott Swartz, allegedly causing injury to Swartz. Although a bartender employed by plaintiff witnessed the incident, plaintiff, the named insured on a general liability insurance policy issued by defendant, did not personally become aware of it until September 1995 when he received a copy of a police report filed by Swartz. On December 21, 1995, plaintiff learned for the first time that Swartz intended to commence an action against him as a result of the incident and plaintiff immediately notified defendant of same. Defendant, after an investigation, disclaimed coverage for the incident on the ground that plaintiff failed to notify defendant in a timely manner as required under the policy.

Plaintiff commenced this action for declaratory and compensatory relief. Thereafter, plaintiff moved for summary judgment seeking a declaration that defendant, *inter alia*, had a duty to defend and indemnify him in the underlying Swartz action pursuant to the insurance contract. Defendant cross-moved seeking a declaration that there is no coverage under the policy. Supreme Court, finding that plaintiff failed to raise any issues of fact in response to defendant's cross motion, determined, *inter alia*, that defendant's disclaimer was justified by plaintiff's unexplained delay in giving notice of the underlying occurrence. Accordingly, Supreme Court denied plaintiff's motion for summary judgment and granted defendant's cross motion, prompting this appeal.

It is well settled that an insurance carrier may disclaim coverage under an insurance contract where an insured fails to provide notice of a potential claim as soon as practicable (*see, White v City of New York*, 81 NY2d 955, 957; *Winstead v Uniondale Union Free School Dist.*, 170 AD2d 500, 503). It is equally well settled, however, that an insured's good-faith belief in nonliability, when reasonable under the circumstances, may excuse a delay in notifying an insurer of an occurrence or potential claim (*see, D'Aloia v Travelers Ins. Co.*, 85 NY2d 825, 826; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441; *Vradenburg v Prudential Prop. & Cas. Ins. Co.*, 212 AD2d 913). Indeed, "[w]hen the facts of an occurrence are such that an insured acting in good faith would not reasonably believe that liability on his [or her] part will result, notice of the occurrence given by the insured to the insurer is given 'as soon as practicable' *if given promptly after the insured receives notice that a claim against him [or her] will in fact be made*" (*Merchants Mut. Ins. Co. v Hoffman*, 56 NY2d 799, 801

[emphasis supplied]). Although the insured bears the burden of showing that there was a reasonable excuse for the delay (*see, White v City of New York, supra,* at 957), the issue of reasonableness is ordinarily a question of fact left for jury resolution (*see, e.g., G.L.G. Contr. Corp. v Aetna Cas. & Sur. Co.,* 215 AD2d 821, 822-823; *Argentina v Otsego Mut. Fire Ins. Co.,* 207 AD2d 816, *affd* 86 NY2d 748). At issue on this appeal is whether Supreme Court correctly held that no question of fact exists concerning plaintiff's good-faith belief in nonliability. Notwithstanding Supreme Court's recognition of the applicable case law, we find record evidence which compels a reversal.

The function of this Court is "to review the record to determine if any issues of fact existed" (*Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110). While it certainly would have been preferable for plaintiff to have included his own affidavit on his motion to establish a reasonable excuse for his delay, we cannot agree with Supreme Court's assessment that the lack of such an affidavit is fatal to plaintiff's action.[1] There is contained in the record, attached as an exhibit to defendant's papers, a written statement signed by plaintiff in which he recites that its contents are truthful and in which he acknowledges that the making of a false statement is a crime (*see,* Penal Law § 176.05). We find that this statement bears all the attributes of a duly sworn testament (*see generally, Matter of Neftali D.,* 85 NY2d 631, 635-636) and, therefore, constitutes evidence in sufficient and admissible form for the purposes of summary judgment.

In this statement, plaintiff maintains that he was not at his tavern when the alleged altercation took place and that he first learned of it in September 1995 when he received the police report accusing Griffen and Zupo of assault. He states that no police or medical personnel were summoned to the tavern that evening and that his bartender informed him that there "was nothing to [the altercation]" and that "no punches [were]

---

1. This failure appears to be based on his counsel's misunderstanding of the applicable law. The primary focus of counsel's affidavit concerns whether defendant demonstrated that the late notice of the altercation caused defendant "irremediable harm". While there is no specific discussion in this affidavit concerning plaintiff's good-faith belief in nonliability, counsel does aver that "[p]laintiff did not report the alleged altercation to the defendant [on or around June 22, 1995] as neither the plaintiff nor his employee was directly involved in the alleged altercation, and [Swartz] made no indication that a lawsuit was being contemplated against the plaintiff or his place of business". While these averments, without more, are insufficient to raise a question of fact in this case, we find that the record *does* contain *other* evidence, in sufficient evidentiary form, to do so.

thrown". Plaintiff further noted in the statement that "[t]he [p]olice [r]eport did not have my name on it. I wasn't involved so I didn't think to report [it] to my agent. I didn't figure it had anything to do with me."

Upon our review of this statement, in addition to the other documentary evidence in the record, we find that a question of fact exists regarding whether plaintiff had a reasonable, good-faith belief in nonliability for the alleged injuries which occurred on his property. The documentary evidence in the record unequivocally demonstrates that Swartz's alleged injuries were caused by the conduct of third persons—Griffen and Zupo. Neither the information filed against these individuals nor Swartz's supporting depositions nor the police report in any way implicated plaintiff or his employees in the altercation. Other than noting that the incident took place at plaintiff's tavern, there is no indication in these documents that plaintiff or his employees participated in, permitted or condoned the alleged assault or that alcohol served at the tavern played a role in the altercation.[2]

In view of the evidence indicating that plaintiff had no reason to believe that he would be held liable for the injuries until so informed in December 1995, we find that this case should be governed by the general rule that the reasonableness of plaintiff's alleged good-faith belief of nonliability is a question of fact to be resolved by a jury (*see, e.g., Seemann v Sterling Ins. Co.*, 234 AD2d 672 [question of fact regarding reasonableness of insured's four-month delay in notifying insurer of claim]; *G.L.G. Contr. Corp. v Aetna Cas. & Sur. Co.*, 215 AD2d 821, *supra* [question of fact regarding reasonableness of insured's three-year delay in notifying insurer of claim]; *E.T. Nutrition v Central Mut. Ins. Co.*, 201 AD2d 451 [question of fact regarding reasonableness of insured's 11-month delay in notifying insurer of claim]).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion; cross motion denied; and, as so modified, affirmed.

---

2. Notably, defendant's claims representative averred that "[m]y investigation did not reveal that alcohol had any involvement with the altercation and specifically my investigation did not reveal that Mr. Zupo or Mr. Griffen was intoxicated".