■ HUDSON CITY SCHOOL DISTRICT, Respondent, v UTICA MUTUAL INSURANCE COMPANY et al., Appellants. (And a Third-Party Action.) [659 NYS2d 948] —Carpinello, J. Appeal from that part of an order of the Supreme Court (Cobb, J.), entered September 6, 1996 in Columbia County, which denied defendants' motion for summary judgment.

On October 19, 1987, then 10-year-old Joseph Cure was participating in a swim program conducted at Hudson High School in Columbia County when he fell, feet first, off a diving board into the pool. Patrick Maloy, one of two physical education teachers present at that time, saw Cure "just as his feet were going into the water off to the side of the diving board" and did not observe him hit his head on any portion of the pool or diving board. Cure reported injuring his knee and foot, which required minor first aide by Maloy. An incident report filed that afternoon stated that the nature of Cure's injury was an "abrasion to foot and knee".

At no time did Cure complain to either Maloy or his teacher that he hit or hurt his head in the pool. Moreover, neither Maloy nor Cure's teacher observed any injuries to Cure's head. Cure participated in the remainder of the school day without incident. After school, however, Cure began to complain of a headache and, as the night progressed, he became very sick. Upon being transferred to Albany Medical Center from the local emergency room, it was discovered that Cure's brain was hemorrhaging, necessitating an immediate operation. Suffering from an "AV malformation", Cure lapsed into an eight-month coma. He spent approximately nine months in various hospitals and rehabilitation centers, nearly one year in out-patient rehabilitation and continues to suffer from partial paralysis on the right side of his body.

In February 1994, over six years after the incident, Cure's mother commenced a proceeding against plaintiff seeking to file a late notice of claim pursuant to General Municipal Law § 50-e (5), which was ultimately granted by Supreme Court (Connor, J.) and affirmed by this Court (see, Matter of Cure v City of Hudson School Dist., 222 AD2d 879). At that time, plaintiff, the named insured on a general liability insurance policy and commercial umbrella liability policy issued by defendants, notified defendants of the claim. Defendants' disclaimer of coverage on the ground of untimely notice prompted plaintiff to commence this action for declaratory relief. At issue on appeal is Supreme Court's denial of

defendants' motion for summary judgment and dismissal of their collateral estoppel defense.

While an insurance carrier may disclaim coverage under a contract of insurance in the event an insured fails to provide timely notice of an occurrence or potential claim (*see, e.g., Marinello v Dryden Mut. Ins. Co.*, 237 AD2d 795, 796), an insured's good-faith belief in nonliability, when reasonable under the circumstances, may excuse a delay in notifying the insurer (*see, D'Aloia v Travelers Ins. Co.*, 85 NY2d 825, 826; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441). Significantly, "[w]hen the facts of an occurrence are such that an insured acting in good faith would not reasonably believe that liability on [its] part will result, notice of the occurrence given by the insured to the insurer is given 'as soon as practicable' if given promptly after the insured receives notice that a claim against [it] will in fact be made" (*Merchants Mut. Ins. Co. v Hoffman*, 56 NY2d 799, 801). "The issue is not whether [the insured] should have anticipated the possibility of a lawsuit" (*Vradenburg v Prudential Prop. & Cas. Ins. Co.*, 212 AD2d 913, 914); rather, "[t]he proper focus * * * is on the insured's good-faith belief in nonliability" (*id.*, at 914). Although the insured bears the burden of proving that there was a reasonable excuse for a delay, the question of such reasonableness is generally a question of fact for a jury (*see, Marinello v Dryden Mut. Ins. Co., supra; G.L.G. Contr. Corp. v Aetna Cas. & Sur. Co.*, 215 AD2d 821, 822-823). Applying these principles to the instant case, we affirm.

Assuming defendants' submissions were sufficient to meet their burden of proof as proponents for summary judgment, plaintiff nevertheless has raised a question of fact regarding whether it had a reasonable, good-faith belief in nonliability for the serious medical condition suffered by Cure.* While there is no doubt that plaintiff knew that Cure's intercerebral hemorrhage secondary to a ruptured AV malformation developed on the same day that he fell in the pool, plaintiff has successfully demonstrated that it did not know that Cure hit his head at their facility that day or that his subsequent brain injury was in any way medically related to the fall. These showings

---

* In addition to the affidavit of their attorney, defendants submitted excerpts of uncertified and unsworn medical records and psychological reports which merely demonstrate that Cure's intracerebral hemorrhage occurred on the same day as his fall (no medical connection between the fall and subsequent medical condition is noted in these records), as well as an affidavit from their claims manager who relied upon (and attached) an insurance policy not in effect at the time of the incident.

are sufficient to raise a question of fact as to plaintiff's good-faith belief in nonliability.

Carol Gans, principal of Cure's elementary school at all relevant time periods, averred that she was under the impression that Cure's medical problems "stemmed from a congenital defect". She further averred that prior to February 1994—when Cure commenced the action against plaintiff—she was never personally informed that Cure struck his head on the diving board or pool or that his brain injury was in any way related to the pool incident. Maloy, who witnessed the incident and applied first aid to Cure's knee and foot, never saw Cure hit his head or suffer any head injury.

Plaintiff also persuasively points out that during the entire time period before Cure commenced the action, it had never been requested to pay his medical expenses. Moreover, while the timing between the fall and Cure's hospitalization is indeed close, none of Cure's treating physicians apparently made a connection between this fall (which they knew about) and his subsequent intercerebral hemorrhage (*cf., Deso v London & Lancashire Indem. Co.*, 3 NY2d 127, 129). In our opinion, whether plaintiff itself should have made such a connection and therefore notified defendants of the incident sooner or whether plaintiff had a good-faith belief in nonliability under these circumstances is a question of fact better left for jury resolution.

Finally, we are unpersuaded that this Court's decision in *Matter of Cure v City of Hudson School Dist.* (222 AD2d 879, *supra*), wherein we permitted the late filing of a notice of claim, collaterally estops plaintiff from arguing that it had a good-faith belief in nonliability. Actual knowledge of *an occurrence* is substantively distinct from the reasonableness of a delay in giving an insurer notice of that occurrence based upon good-faith belief in nonliability. Because this latter inquiry was not at issue in the prior action, the doctrine of collateral estoppel is simply not implicated (*see, D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

