■ JOHN P. HERMAN, Respondent, v ST. JOHN'S EPISCOPAL HOSPITAL, Respondent, and EUG-RAC, INC., Appellant. (And a Third-Party Action.) [— NYS2d —] —In an action to recover damages for personal injuries, the defendant, Eug-Rac, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), dated June 24, 1996, as denied that branch of its motion which was for summary judgment dismissing the cause of action asserted in the complaint pursuant to Labor Law § 241 (6).

Ordered that the order is modified by deleting the provision thereof which denied that branch of the motion which was for summary judgment dismissing the plaintiff's cause of action pursuant to Labor Law § 241 (6) and substituting therefor a provision granting that branch of the motion to the extent of dismissing so much of the cause of action based upon an alleged violation of 12 NYCRR 23-1.30 and denying that branch of the motion in all other respects; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied that branch of the motion of the defendant Eug-Rac, Inc. (hereinafter Eug-Rac),

which was for summary judgment dismissing the cause of action asserted in the complaint to recover damages pursuant to Labor Law § 241 (6), insofar as that cause of action was based upon alleged violations of 12 NYCRR 23-1.7 (e) (1) and (2) and 23-2.1. These provisions of the Industrial Code require "compliance with concrete specifications" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505), and, thus, may serve as valid predicates for liability under Labor Law § 241 (6) (*Farina v Plaza Constr. Co.*, 238 AD2d 158; *Cafarella v Harrison Radiator Div.*, 237 AD2d 936; *White v Sperry Supply & Warehouse*, 225 AD2d 130, 134; *White v Farash Corp.*, 224 AD2d 978).

However, Eug-Rac was entitled to summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it was premised upon an alleged violation of 12 NYCRR 23-1.30. Although this regulation is sufficiently specific to support a Labor Law § 241 (6) cause of action (*Dickson v Fantis Foods*, 235 AD2d 452), the plaintiff's conclusory and unsubstantiated allegations that the lighting in the basement where he fell was poor and that the basement was dark, were insufficient to raise a triable issue of fact as to whether the specific requirements of 12 NYCRR 23-1.30, concerning proper illumination, were violated here (*see, Conrad v Bayside Bowling & Recreation Centre*, 209 AD2d 467). The examination before trial testimony of a representative of St. John's Episcopal Hospital indicated that the illumination in the basement near the area where the plaintiff was injured exceeded that required under 12 NYCRR 23-1.30. The plaintiff's bald assertion that an expert will testify at trial as to the insufficiency of the illumination at the accident site was inadequate to demonstrate the existence of a genuine issue of fact (*see, Salamone v Rehman*, 178 AD2d 638, 639). Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.