■ CHRISTOPHER WERNER, Plaintiff, v EAST MEADOW UNION FREE SCHOOL DISTRICT, Defendant and Third-Party Plaintiff, and HEC, INC., Defendant and Third-Party Defendant-Appellant. POWER AUTHORITY OF THE STATE OF NEW YORK et al., Third-Party Defendants-Appellants; J. P. DALY & SONS, INC., Third-Party Defendant-Respondent. [667 NYS2d 386] —In an action to recover damages for personal injuries, (1) the defendant third-party defendant HEC, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated July 12, 1996, as denied its cross motion for summary judgment on its cross claim for indemnification against the third-party defendant J. P. Daly & Sons, Inc., and (2) the third-party defendant Power Authority of the State of New York separately appeals, as limited by its brief, from so much of the same order as denied its separate

cross motion for summary judgment on its cross claim for indemnification against the third-party defendant J. P. Daly & Sons, Inc.

Ordered that the order is reversed insofar as appealed from, with one bill of costs, and the cross motions by the appellants for summary judgment on their respective cross claims against the third-party defendant J. P. Daly & Sons, Inc., for indemnification are granted conditionally, in the event of the entry of a judgment awarding damages in favor of the plaintiff and against them.

The plaintiff was injured when he fell from scaffolding while upgrading lighting fixtures in a classroom owned by the defendant East Meadow Union Free School District. He subsequently commenced an action against the East Meadow Union Free School District (hereinafter the School District) and HEC, Inc. (hereinafter HEC), the designer/builder, to recover damages pursuant to Labor Law § 240 (1). The School District, in turn, commenced a third-party action against the Power Authority of the State of New York (hereinafter the Power Authority), HEC, and J. P. Daly & Sons, Inc. (hereinafter J. P. Daly), the contractor on the project.

The Supreme Court improperly denied the respective cross motions of the third-party defendants HEC and the Power Authority for summary judgment on the issue of common-law indemnification against the plaintiff's employer, J. P. Daly. It is well settled that "[a]n owner or general contractor held liable to an injured subcontractor's employee under Labor Law § 240 is entitled to full common law indemnification from a subcontractor whose negligence was the sole cause of the worker's injuries" (*Mackey v Beacon City School Dist.*, 216 AD2d 534, 535; *see, McNair v Morris Ave. Assocs.*, 203 AD2d 433, 434). Here, the record indicates that neither HEC nor the Power Authority controlled or supervised either the construction procedures employed by J. P. Daly, or the individual plaintiff's work. The uncontroverted proof was that J. P. Daly owned, erected, and maintained the scaffolding from which the plaintiff fell and was injured, and that upon arriving at work the plaintiff was required to report to a supervisor employed by J. P. Daly. That HEC periodically inspected the progress of the work to make sure it was proceeding on schedule, and, along with the Power Authority attended a preconstruction meeting at which safety issues were discussed, is insufficient to raise an issue as to whether HEC and the Power Authority were actively negligent (*see, Richardson v Matarese*, 206 AD2d 354, 355; *Curtis v 37th St. Assocs.*, 198 AD2d 62, 63; *Damon v Stark-*

*weather,* 185 AD2d 633, 634). Inasmuch as J. P. Daly failed to submit proof from which it could be determined that the liability of the appellants was anything but vicarious, the appellants are entitled to conditional summary judgment on the issue of indemnity against J. P. Daly pending the determination of the plaintiff's action (*see, Richardson v Matarese, supra).*

We have considered the appellants' remaining contentions and find them to be without merit (*see, Gillmore v Duke/Fluor Daniel,* 221 AD2d 938, 939; *Stimson v Lapp Insulator Co.,* 186 AD2d 1052, 1053). Mangano, P. J., Copertino, Krausman and McGinity, JJ., concur.