■ EUGENE RIVERA, Plaintiff, v VINCENT D'ALESSANDRO et al., Defendants, and BANK OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. AMERICAN ARMATURA CO., INC., Third-Party Defendant-Respondent. [669 NYS2d 877] —In an action to recover damages for personal injuries based upon negligence and violations of Labor Law §§ 200, 240 and 241, the defendant third-party plaintiff, the Bank of New York, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Goldstein, J.), dated February 13, 1997, as denied those branches of its cross motion which were for summary judgment on its causes of action for contractual and common-law indemnification against the third-party defendant, American Armatura Co., Inc.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the appellant's cross motion which was for summary judgment on its cause of action for common-law indemnification and substituting therefor a provision granting that branch of the cross motion conditionally in the event that a judgment is entered awarding damages in favor of the plaintiff and against the appellant; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

We agree with the Bank of New York's claim that the court erred in denying that branch of its cross motion which was for summary judgment on its cause of action for common-law indemnification against the third-party defendant, American Armatura Co. Inc. The Bank of New York has demonstrated that it neither controlled nor directed the plaintiff's work and the third-party defendant's bald conclusory allegations to the contrary are insufficient to defeat the Bank of New York's cross motion for summary judgment on the issue of common-law indemnification (*see, Clark v 345 E. 52nd St. Owners*, 245 AD2d 410; *Isnardi v Genovese Drug Stores*, 242 AD2d 672; *Richardson v Matarese*, 206 AD2d 354).

The Bank of New York has not established its entitlement to judgment as a matter of law on the issue of contractual indemnification (*see, Werner v East Meadow Union Free School Dist.*, 245 AD2d 367; *Stimson v Lapp Insulator Co.*, 186 AD2d 1052). Rosenblatt, J. P., Ritter, Copertino and Goldstein, JJ., concur.