■ John E. Fabbricatore, Jr., an Infant, by His Father and Natural Guardian, John Fabbricatore, et al., Respondents, v Lindenhurst Union Free School District, Appellant, et al., Defendants. [686 NYS2d 822] —In an action to recover damages for personal injuries, etc., the defendant Lindenhurst Union Free School District appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated August 28, 1996, which denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

■ John E. Fabbricatore, Jr., an Infant, by His Father and Natural Guardian, John Fabbricatore, et al., Respondents, v Lindenhurst Union Free School District, Appellant, et al., Defendants. [685 NYS2d 629] —In an action to recover damages for personal injuries, the defendant Lindenhurst Union Free School District appeals, by permission, from so much of a preliminary conference order of the Supreme Court, Suffolk County (Underwood, J.), dated April 21, 1997, as directed it to produce certain records.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Lindenhurst Union Free School District contends that prior orders of the court which denied the plaintiffs' requests for certain discovery (*see, Fabbricatore v Lindenhurst Union Free School Dist.,* 259 AD2d 660 [decided herewith]), including school records of the defendant Clint Boye, constituted the law of the case, and as such the Supreme

Court erred in directing it to provide certain discovery in the preliminary conference order dated April 21, 1997. However, an appellate court is not bound by the doctrine of the law of the case and may consider a motion on its merits (*see, Detko v McDonald's Rests.,* 198 AD2d 208; *Zappolo v Putnam Hosp. Ctr.,* 117 AD2d 597). Under the particular circumstances of this case, the plaintiffs are entitled to the discovery at issue. S. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.