Mercure, J. P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

■ SPA STEEL PRODUCTS COMPANY, INC., Respondent, v ROYAL INSURANCE, Appellant. [722 NYS2d 827] —Lahtinen, J. Appeal from an order of the Supreme Court (Williams, J.), entered October 18, 2000 in Saratoga County, which, *inter alia*, granted plaintiff's motion for summary judgment and declared that defendant was obligated to defend and indemnify plaintiff in an underlying personal injury action.

On March 21, 1995 plaintiff delivered a truckload of bundled steel rebar sold to Hirani Contracting Corporation to a construction site in New York City. During the unloading of the rebar, Jose Pouso, an employee of Hirani, was injured when a bundle of rebar fell on his foot. Arthur Bohannon, plaintiff's driver, informed plaintiff's comptroller, Michael Kuhr, of the details of the incident a day or two later. Kuhr determined that plaintiff need not be concerned with any liability issues and he did not notify defendant, plaintiff's commercial liability insurer. In March 1996, plaintiff received and responded to correspondence from an investigator hired by Hirani's insurance company who sought information about the incident, as well as plaintiff's loading and unloading practices. Plaintiff did not notify defendant of this contact.

In March 1997, plaintiff was served with a third-party summons and complaint* by Hirani who had been impleaded by the property owner and the general contractor, the defendants in the underlying personal injury action brought by Pouso.

---

* No pleadings from this third-party action are included in the record on appeal.

Plaintiff immediately forwarded these documents to defendant which timely disclaimed coverage based on plaintiff's two-year delay in notifying it of the March 1995 incident.

Plaintiff thereafter commenced this action seeking a declaration that defendant was obligated to defend and indemnify it in the underlying action. After joinder of issue, plaintiff moved for a declaratory judgment and defendant cross-moved for summary judgment seeking dismissal of the complaint. Supreme Court denied defendant's cross motion and granted plaintiff's motion ordering defendant to defend and indemnify plaintiff in the underlying personal injury action. Defendant appeals.

On appeal, defendant argues that plaintiff failed to comply with the terms of its commercial liability policy requiring notice of a potential claim "as soon as practicable" after the incident giving rise to the potential claim and, therefore, it has no obligation to defend or indemnify plaintiff in the underlying action. Plaintiff concedes that defendant's first notice of the March 1995 incident came when plaintiff forwarded defendant the third-party summons and complaint in March 1997, but argues that it had a reasonable good-faith belief of nonliability which excused this late notice to defendant.

Initially, we note that an insured must comply with the notice provisions of an insurance policy as a condition precedent to coverage by timely informing the insurer of a potential claim or occurrence (*see, American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433, 442-443; *Reynolds Metal Co. v Aetna Cas. & Sur. Co.*, 259 AD2d 195, 199; *Marinello v Dryden Mut. Ins. Co.*, 237 AD2d 795, 796). However, "an insured's good-faith belief in nonliability, when reasonable under the circumstances, may excuse a delay in notifying the insurer" (*Hudson City School Dist. v Utica Mut. Ins. Co.*, 241 AD2d 641, 642). While the insured bears the burden of proving an excuse for the delay (*see, id.*, at 642), the focus of such an inquiry is its reasonableness under the circumstances, not whether the insured should have anticipated the possibility of a lawsuit (*see, Vradenburg v Prudential Prop. & Cas. Ins. Co.*, 212 AD2d 913, 915; *Briggs v Nationwide Mut. Ins. Co.*, 176 AD2d 1113).

While the issue of whether a party acted reasonably in such cases is generally a question of fact (*see, e.g., Morehouse v Lagas*, 274 AD2d 791, 794; *Reynolds Metal Co. v Aetna Cas. & Sur. Co., supra*, at 200; *Hudson City School Dist. v Utica Mut. Ins. Co., supra*, at 642; *Marinello v Dryden Mut. Ins. Co., supra*, at 798), our review of the record leads us to conclude that Supreme Court correctly decided plaintiff's motion as a matter of law (*see, Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d

748; *Vradenburg v Prudential Prop. & Cas. Ins. Co.*, *supra*; *Briggs v Nationwide Mut. Ins. Co.*, *supra*). The determination of nonliability by plaintiff's comptroller was based on his knowledge of the union restrictions prohibiting Bohannon from participating in the loading or unloading of the rebar and those facts are set forth in Bohannon's affidavit. That affidavit established that when Bohannon arrived at the construction site where Pouso was injured, he merely removed the load straps; the rebar did not move after these straps were removed, the first bundle of rebar was removed without incident and the second bundle of rebar fell off the truck in the middle of the unloading process as it was being handled by Hirani's employees.

In contrast, defendant's claim that plaintiff acted unreasonably and breached the policy condition regarding notification thereby vitiating coverage was supported solely by its attorney's affidavit in which he averred, in wholly conclusory fashion, that plaintiff "was responsible to deliver safely the load and there certainly could be liability upon [plaintiff] for safe unloading" and that the inquiry of the investigator for Hirani's insurance company regarding plaintiff's loading and unloading practices a year after the incident should have somehow put plaintiff on notice of a potential claim. We disagree, finding plaintiff's good-faith belief that it was not liable for Pouso's injuries was reasonable and fully supported by the record. Accordingly, we affirm the decision of Supreme Court directing defendant to defend and indemnify plaintiff in the underlying action.

Cardona, P. J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.