■ LAURA G. DAY, Appellant, v LEE G. DAY, Respondent. [735 NYS2d 385] —Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered November 22, 2000, unanimously affirmed for the reasons stated by Klein Heitler, J., without costs or disbursements. No opinion. Concur—Williams, J. P., Tom, Lerner, Buckley and Friedman, JJ.

■ JOSEPH MALDONADO, JR., et al., Appellants, v METROPOLITAN LIFE INSURANCE COMPANY, Respondent and Third-Party Plaintiff-Respondent. NATIONAL CLEANING CONTRACTORS, Third-Party Defendant-Respondent. [735 NYS2d 111] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about July 10, 2000, which, insofar as appealed from, granted defendant's and third-party defendant's motions for summary judgment dismissing plaintiffs' Labor Law § 200 cause of action, unanimously affirmed, without costs.

Plaintiff, an employee of third-party defendant, was allegedly injured when a floor screening machine he was using in defendant's apartment complex malfunctioned and threw him to the floor. In order to implicate a defendant's duty under Labor Law § 200, not only must the plaintiff show that the defendant exercised supervisory direction or control over the operation that allegedly brought about the injury, but also that the defendant had actual or constructive notice of the alleged unsafe condition that caused the accident (*Nevins v Essex Owners Corp.*, 276 AD2d 315, 316, *lv denied* 96 NY2d 705). Here, viewing the evidence in the light most favorable to plaintiff as the party opposing motions for summary judgment (*Rockefeller Univ. v Tishman Constr. Corp.*, 240 AD2d 341, 342, *lv denied* 91 NY2d 803), no issue of fact is raised as to whether defendant owner, as plaintiff claims, had actual notice of the alleged defective condition of the floor screening machine. Merely telling the owner's representative that "we don't have enough machines," as plaintiff claims to have done, is insufficient to provide actual notice of either a specific defect or that there was anything wrong with the particular machine at issue. In view of the foregoing, it is unnecessary to reach the other issues raised by the parties on appeal. Concur—Rosenberger, J. P., Tom, Lerner and Friedman, JJ.