■ SYLVESTER THOMAS et al., Respondents, v 2 OVERHILL ROAD ASSOCIATES, L.L.C., et al., Appellants, et al., Defendant. 2 OVERHILL ROAD ASSOCIATES, L.L.C., Third-Party Plaintiff-Appellant, v STRUCTURAL CONTRACTING CORP., Third-Party Defendant-Respondent. [766 NYS2d 563]—

Order, Supreme Court, Bronx County (Anne Targum, J.), entered April 11, 2003, which, to the extent appealed from, denied the motion by defendants 2 Overhill Road Associates and The Blitman Building Corp. for summary judgment dismissing the complaint, and denied 2 Overhill Road Associates' motion for summary judgment in its third-party action against Structural Contracting Corp., unanimously affirmed, without costs.

At the time plaintiff Sylvester Thomas was struck by a falling length of pipe, he was physically participating in the operation to unfasten and remove that pipe from the ceiling (*cf. Roberts v*

*General Elec. Co.,* 97 NY2d 737 [2002], *and Narducci v Manhasset Bay Assoc.,* 96 NY2d 259 [2001]). The primary issues are whether, given the nature of the injury-producing work, provision of a hoisting or securing device of the kind enumerated in Labor Law § 240 (1) would have been necessary or expected and whether the absence of such safety devices was a substantial cause of plaintiff's harm. Questions of fact preclude summary disposition of these issues as well as plaintiff's claims for common-law negligence as codified in Labor Law § 200, and his claim under Labor Law § 241 (6) related to possible Industrial Code violations (*see Gawel v Consolidated Edison Co. of N.Y.,* 237 AD2d 138 [1997]). The third-party action for contractual indemnification is similarly dependent on factual determinations as to the third-party plaintiff's freedom from negligence (*Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786, 795 [1997]). Concur—Nardelli, J.P., Tom, Ellerin, Lerner and Friedman, JJ.