Lociciero v Princeton Restoration (2004 NY Slip Op 50522(U))

[*1]

Lociciero v Princeton Restoration

2004 NY Slip Op 50522(U)

Decided on March 8, 2004

Supreme Court, Suffolk County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 8, 2004

Supreme Court, Suffolk County
MICHAEL LOCICIERO and KIM LOCICIERO, Plaintiffs,
against
PRINCETON RESTORATION, INC. and INSTEEL WIRE PRODUCTS, Defendants.
00-03039

SACKS AND SACKS
Attorneys for Plaintiffs
150 Broadway
New York, New York 10038
ZAKLUKIEWICZ & PUZO, LLP
Attorneys for Deft./3rd Pty. Pltf.
Princeton
2941 Sunrise Highway, PO Box 389
Islip Terrace, New York 11752

Daniel J. Loughlin, J.
Upon the following papers numbered 1 to 42 read on these motions for summary judgment; Notice of Motion/ Order to Show Cause and supporting papers 1-15; 16-25 ; Notice of Cross Motion and supporting papers 26-34; Answering Affidavits and supporting papers ; Replying Affidavits and supporting papers 35-36; 37-38; 39-42 ; Other; (and after hearing counsel in support and opposed to the motion) it is,
[*2]ORDERED that the motion (#001) by the third-party defendant Cadillac Concrete Corp. for an Order pursuant to CPLR 3212 granting summary judgment dismissing the third-party complaint is decided as follows; and it is further
ORDERED that the motion (#002) by plaintiffs for an Order pursuant to CPLR 3212 granting partial summary judgment as against defendant Princeton Restoration, Inc. relative to their Labor Law 240(1) claim is denied; and it is further

ORDERED that the cross motion (#003) by defendant/third-party plaintiff, Princeton Restoration, Inc., for an order pursuant to CPLR 3212 granting summary judgment dismissing plaintiffs' complaint or, alternatively, granting summary judgment as to its claims for common-law and contractual indemnification from the third party defendant, is also denied.
Plaintiff Michael Lociciero commenced this action to recover damages, pursuant to Labor Law §200, §240(1) and §241(6), for injuries he sustained in an accident at a construction site at the Huntington Public Library, on April 9, 1999. Princeton Restoration, Inc., the general contractor for the addition, hired Cadillac Concrete Corp. to perform the concrete work. At the time of the accident, plaintiff was employed as a driver by non-party U.S. Rebar [FN1], which supplied the wire mesh (rebar) mats to be used in reinforcing the concrete fabricated by the third-party defendant, Cadillac. The wire mesh was 'bundled together' in mats and secured by gauge wire at all four corners by the manufacturer, Insteel Wire Products. Each bundle contained twenty or more sheets and weighed in excess of one ton. Plaintiff testified at his examination before trial that he was directed by Cadillac to place the wire mesh bundle on the second floor. To utilize the boom crane on his flatbed truck, plaintiff attached two nylon slings to the bundle and the slings were then attached to a hook on the crane. Plaintiff also testified that as the bundle was being hoisted to the second floor, the bundle broke free and fell fifteen to twenty feet, striking and injuring plaintiff. Plaintiff further testified that he did not know how the bundle fell, that he saw the sling was still attached to the crane, that he surmised that the sling broke away from the gauge wire, and that he later learned that the gauge wire, securing the bundle together, had broken (pg 24).
Labor Law §240(1), commonly known as the "scaffold law", creates a duty that is nondelegable and an owner or general contractor who breaches that duty may be held liable in damages regardless of whether either had actually exercised supervision or control over the work (see, Ross v Curtis-Palmer Hydro-Electric Co., 81 NY2d 494, 601 NYS2d 49 [1993]). The "exceptional protection" provided for workers by §240(1) is aimed at "special hazards" and is limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured (see, Ross v Curtis-Palmer Hydro-Electric Co., supra at 501; Rocovich v Consolidated Edison Co., 78 NY2d 509, 514, 577 NYS2d 219 [1991]; Zimmer v Chemung County Performing Arts, 65 NY2d 513, 493 NYS2d 102 [1985]). The legislative purpose behind §240(1) is to protect workers by placing the ultimate responsibility for safety practices where such responsibility belongs, on the owner and general contractor instead [*3]of on workers, who are "scarcely in a position to protect themselves from accident" (see, Rocovich v Consolidated Edison, supra; Koenig v Patrick Construction Co., 298 NY 313 [1948]). While it is true that, the "special hazards" contemplated "do not encompass any and all perils that may be connected in some tangential way with the effects of gravity" (see, Ross v Curtis-Palmer Hydro-Electric Co., supra; Rodriguez v Tietz Center for Nursing Care, 84 NY2d 841, 616 NYS2d 900 [1994]), it is also true that the statute's purpose of protecting workers "is to be liberally construed" (Ross v Curtis-Palmer Hydro-Electric Co., supra, at 500). In order to prevail upon a claim pursuant to Labor Law §240(1), a plaintiff must establish that the statute was violated and that this violation was a proximate cause of his injuries (see, Bland v Manocherian, 66 NY2d 452, 497 NYS2d 880 [1985]; Sprague v Peckham Materials Corp., 240 AD2d 392, 658 NYS2d 97 [1997]). However, an injured plaintiff's contributory negligence is not a defense (see, Stolt v General Foods, 81 NY2d 918, 597 NYS2d 650 [1993]).
The gravamen of Princeton's cross motion to dismiss plaintiff's §240(1) claim is that plaintiff was not employed to work on the library addition and, therefore, is not a member of the protected class contemplated by the statute and that plaintiff has not established that the boom crane or the slings malfunctioned in anyway. However, the statutory requirement that workers be provided with proper protection does apply to the hazards of building materials falling from a hoist as they are being conveyed to a higher level (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267, 727 NYS2d 37 [2001]; Jiron v China Buddhist Assn., 266 AD2d 347, 698 NYS2d 315 [1999]) and an injured plaintiff may be protected by the Labor Law even though he is employed to deliver material to the construction site (see, Smith v Hovnanian Co., 218 AD2d 68, 633 NYS2d 888 [1995]) where his work is "necessary and incidental" to the construction project (Orr v David Christa Construction, Inc., 206 AD2d 881, 615 NYS2d 543 [1994]). The risk of being struck by an improperly hoisted or inadequately secured falling object is a hazard explicitly contemplated by the §240(1) (Stang v Garbellano, 262 AD2d 853, 692 NYS2d 229 [1999] citing to Ross v Curtis-Palmer Hydro-Electric Co., supra, 500-501). Here, it is unrefuted that the rebar was inadequately secured, as evidenced by its fall from twenty feet before striking plaintiff (Diamond v Reilly Homes Constr. Corp., 245 AD2d 763, 665 NYS2d 464 [1997]). Even assuming that the gauge wire broke, the slings did not provide protection from the load being hoisted to the second story, the precise harm that the statute was meant to address (Salinas v Barney Skanska Constr. Co., __ AD2d __, 769 NYS2d 559 [2003]; Rosa v R.H. Macy Co., 272 AD2d 707 NYS2d 407 [2000]; Jiron v China Buddhist Assn. supra at 349).
It is well settled that on a motion for summary judgment, movant has the initial burden of setting forth evidentiary facts sufficient to establish its entitlement to judgment as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557, 427 NYS2d 595 [1980]; Fabbricatore v Lindenhurst Union Free School District, 259 AD2d 659, 686 NYS2d 822 [1999]). Only then does the burden shift to the opposing party to come forward with proof (see, Piccolo v DeCarlo, 90 AD2d 609, 456 NYS2d 171 [1982]). Here, while plaintiff is not charged with establishing the precise manner in which an enumerated device failed to provide adequate protection (see generally, Saldana v Saratoga Realty Assoc., 235 AD2d 744, 652 NYS2d 374 [1997]), the evidence submitted in support of plaintiffs' motion is insufficient to meet their initial burden entitling them to summary [*4]judgment relief as a matter of law (see, Thomas v 2 Overhill Rd. Assoc., 1 AD3d 174, 766 NYS2d 563 [2003]), likewise, defendant's cross motion to dismiss the Labor Law §240(1) claim is also insufficient as a matter of law (Thomas v 2 Overhill Rd. Assoc., supra). Accordingly, plaintiffs' motion for summary judgment and defendant's cross motion for summary judgment as to Labor Law §240(1), are denied.
Labor Law §241(6) requires owners and contractors, or their agents, to "provide reasonable and adequate protection and safety" for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor. As is the duty imposed by Labor Law §240(1), the duty to comply with the Commissioner's regulations imposed by §241(6) is nondelegable (see, Ross v Curtis-Palmer Hydro-Electric Co., supra; Long v Forest-Fehlhaber, 55 NY2d 154, 448 NYS2d 132 [1982]; Allen v Cloutier Constr. Corp., 44 NY2d 290, 405 NYS2d 630 [1978]). Therefore, a plaintiff who asserts a viable claim under §241(6) wherein the rule or regulation alleged to have been breached is a "specific positive command" and not merely "general safety standards" need not show that defendants exercised supervision or control over the work site or had actual or constructive notice in order to establish a right of recovery (see, Ross v Curtiss-Palmer Hydro-Electric Co., supra; Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 670 NYS2d 816 [1998]).
 The gravamen of Princeton's cross motion to dismiss plaintiffs' Labor Law §241(6) claims is that plaintiffs failed to allege specific violations of the Industrial Code. Contrary to defendant's argument, plaintiffs' bill of particulars alleges various specific violations of the Industrial Code. Plaintiffs' reply confines the applicable violations to those found at 12 NYCRR §23-6.1 (d)(e)(f)(g); §23-8.1(f)(6)(7) and §23-8.2 (c)(3).[FN2] In addition to plaintiff's assertion that the bundle fell free of the nylon slings, plaintiff also alleges that Princeton's failure to supply a laborer and/or a signalman contributed to the accident. He testified that he had never delivered rebar without the benefit of, at minimum, a signalman supplied by the contractor, to assist in its off-loading and placement (see generally, Spa Steel Products Co. v Royal Ins., 282 AD2d 864, 722 NYS2d 827 [2001]). He argues that this is critical in light of the fact that each bundle weighed in excess of one ton and that he could not direct the load, 20 feet above his head, and operate the controls simultaneously, and that he might have been able to avoid being hit by the falling bundle if he had the help. Plaintiff testified that he voiced his concern about the lack of a signalman to Cadillac. Defendant has not rebutted plaintiff's assertion that supplying a signalman and/or laborer is standard procedure. 12 NYCRR §23-6.1 (d) provides, in relevant part, that "suspended loads shall be securely slung and properly balanced before they are set in motion" ; (e) provides for signal systems; and the court finds that they are, arguably, applicable to plaintiff's accident. The other sections, (f) and (g) deal with overhead protection via planking and via tag lines, which also have arguable application to the instant scenario. §23-8.1(f)(6)(7) prohibits mobile cranes from carrying loads above a person and prohibits the operator from leaving his position at the controls. There are insufficient facts supplied to find that these sections do not apply. As to §23-8.2 (c)(3), the Court finds that this [*5]section does not apply because it mandates use of a tag line to avoid swinging of the load during hoisting, which is not the cause of plaintiff's harm.
The Court finds that plaintiff's argument, that the facts support his claim that sections §23-6.1 (d)(e)(f)(g) and §23-8.1(f)(6)(7) were violated, at least arguably raises questions of fact sufficient to withstand the cross motion for summary judgment. The Court of Appeals has held that a violation of the Industrial Code, while not conclusive on the question of negligence, would constitute some evidence of negligence and thereby reserve, for resolution by a jury, the issue of whether the operation or conduct at the work site was reasonable and adequate under the particular circumstances (see, Rizzuto v L. A. Wenger, supra; Herman v St. John's Episcopal Hosp., 242 AD2d 316, 678 NYS2d 635 [1997]). Plaintiff must still establish that the Code was violated and that this violation was a proximate cause of his injuries (see, Bland v Manocherian, 66 NY2d 452, 497 NYS2d 880 [1985]; Sprague v Peckham Materials Corp., 240 AD2d 392, 658 NYS2d 97 [1997]). Accordingly, that portion of defendant's cross motion for summary judgment which seeks to dismiss plaintiffs' Labor Law §241(6) cause of action (as modified above), is denied.
The protection provided by Labor Law §200 codifies the common-law duty of an owner or employer to provide employees a safe place to work (see, Jock v Fine, 80 NY2d 965, 590 NYS2d 878 [1992]). It applies to owners, contractors, or their agents (see, Russia v Pecan & Son, 54 NY2d 311, 445 NYS2d 127 [1981]), who exercise control or supervision over the work, and either created an allegedly dangerous condition or had actual or constructive notice of it (see, Lombardi v Stout, 80 NY2d 290, 590 NYS2d 55 [1992]; Yong Ju Kim v Herbert Constr. Co., 275 AD2d 709, 713 NYS2d 190 [2000]). Princeton has established that it did not supervise or direct plaintiff's work. However, it is plaintiffs' argument that, since Princeton had control over deliveries made to the construction site, it did have the requisite control of the alleged dangerous condition, the absence of a signalman or laborer to assist in delivering the rebar to the second floor. Therefore, the Court finds that movant has failed to meet its initial burden of establishing its right to summary judgment dismissing the Labor Law §200 cause of action as a matter of law, irrespective of the adequacy of plaintiff's opposition (see, Winegrad v New York University Medical Center, supra; Piccolo v DeCarlo, supra). Accordingly, that portion of the cross motion is denied.
As a general rule, an owner or general contractor held vicariously liable for a plaintiff's injuries pursuant to Labor Law §240(1) or §241(6) is entitled to full common-law indemnification from the "actor who caused the accident" (see, Chapel v Mitchell, 84 NY2d 345, 618 NYS2d 626 [1994]; Young v Casabonne Bros. Inc., 145 AD2d 244, 538 NYS2d 348 [1989]). The third-party defendant Cadillac seeks to dismiss the third party complaint seeking common-law and contractual indemnification, in that the contract between Cadillac and Princeton was not signed until April 20, 1999, after the accident of April 9, 1999, and the fact that neither Cadillac nor Princeton supervised or controlled plaintiff's work. As stated above, the question of whether Princeton may be held vicariously liable under plaintiff's Labor Law §240(1) and/or §241(6) causes of action, based upon, inter alia, the absence of a signalman or laborer, remains unresolved. Also unresolved is the question of whether Princeton had the ability to control or direct that a signalman or laborer assist in deliveries.
[*6]
The indemnification section of the contract between Cadillac and Princeton (¶ 4.5) limits Cadillac's duty to indemnify to acts or omissions of Cadillac (see, Itri Brick & Concrete Corp. v Aetna Casualty & Surety Co., 89 NY2d 786, 658 NYS2d 903 [1997]; GOL § 5-322.1). While Princeton is correct in stating that a claim for contractual indemnification may be applied retroactive to the contract's execution, such application must be based upon evidence that establishes "as a matter of law" that "the parties intended that it apply" back to the date of the [accident] (Podhaskie v Seventh Chelsea Assoc., __ AD2d __, 770 NYS2d 332 [2004]; Stabile v Viener, 291 AD2d 395, 737 NYS2d 381 [2002]). Such intent may be a question to be resolved by the jury where the contract has been fully performed prior to its execution (Quinn v Fisher Dev., 272 AD2d 106, 708 NYS2d 68 [2000]). Here, however, the contract was not fully performed and Cadillac avers that the contract was not to be applied prior to its execution on April 20, 1999, and therefore plaintiff's accident of April 9, 1999, cannot be subject to a claim for contractual indemnification. The Court finds that Cadillac has established its right to have this cause of action dismissed and that Princeton has not offered any evidence sufficient to create a question of fact (Winegrad v New York University Medical Center, supra; Piccolo v DeCarlo, supra ). Accordingly, so much of Cadillac's motion which seeks to dismiss Princeton's claims for contractual indemnification in the third-party complaint, is granted.
As to Princeton's claim for common-law indemnification, the court finds summary judgment inapplicable to this issue. Any award of common-law indemnification must await a finding that Princeton's liability, if any, is merely vicarious, i.e. free of fault, and that Cadillac's actions were a cause of plaintiff's injuries (see, Rivera v D'Alessandro, 248 AD2d 522, 669 NYS2d 877 [1998]; Werner v East Meadow Union Free School Dist., 245 AD2d 367, 667 NYS2d 386 [1997]). Further, Cadillac has not established that it is free of fault as a matter of law. Accordingly, so much of Cadillac's motion which seeks to dismiss Princeton's claims for common-law indemnification in the third-party complaint, is denied, as is so of Princeton's cross motion seeking summary judgment on the same issue.

Dated:___________________ _______________________________________
J.S.C.
 FINAL DISPOSITION X NON-FINAL DISPOSITION
Footnotes

Footnote 1: Also referred to as New York Rebar.

Footnote 2: Accordingly, the remaining Industrial Code violations which have not been addressed by plaintiff are deemed abandoned and are dismissed.