JOZEF TYLUTKI et al., Respondents, v TISHMAN TECHNOLOGIES et al., Appellants. [777 NYS2d 514]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated July 17, 2003, which granted the plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On January 17, 2001, the plaintiff Jozef Tylutki (hereinafter the plaintiff), was struck and injured by a falling piece of sprinkler pipe while engaged in the demolition of a building. The accident occurred when the plaintiff's coworker hit a section of pipe with a hammer causing the pipe to fall striking the plaintiff in the face. It is undisputed that no protective device designed to catch the falling pieces of pipe was utilized in connection with the work.

Contrary to the defendants' contention, the plaintiff was exposed to a gravity-related hazard within the meaning of Labor Law § 240 (1) (*see Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619 [2003]; *Heidelmark v State of New York*, 1 AD3d 748 [2003]; *Thomas v 2 Overhill Rd. Assoc.*, 1 AD3d 174 [2003]; *Van Eken v Consolidated Edison Co. of N.Y.*, 294 AD2d 352, 353 [2002]). Furthermore, the plaintiffs met their prima facie burden of entitlement to judgment as a matter of law by demonstrating that the absence of a safety device of the kind enumerated in the statute proximately caused the plaintiff's injury (*see Salinas v Barney Skanska Constr. Co., supra; Orner v Port Auth. of N.Y. & N.J.*, 293 AD2d 517 [2002]). In opposition, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court properly granted the plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and denied the defendants' cross motion for summary judgment dismissing the complaint. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.