TIMOTHY CAHILL, Respondent, v TRIBOROUGH BRIDGE & TUNNEL AUTHORITY, Appellant. [819 NYS2d 732]—

Order, Supreme Court, New York County (Andrew P. O'Rourke, J.), entered July 12, 2005, which, to the extent appealed from, as limited by the briefs, denied defendant's CPLR 4404 (a) motion insofar as it sought to have judgment entered in its favor on both the Labor Law §§ 200 and 241 (6) causes of action, unanimously reversed, on the law, without costs, the motion granted and judgment entered in favor of defendant-appellant dismissing the Labor Law §§ 200 and 241 (6) causes of action.

Plaintiff was employed as a laborer in connection with a reconstruction and repair job on the Triborough Bridge. His work responsibilities required him to ascend and descend wall-

like structures known as "forms," in order to apply grease to certain rods on the interior of the forms. Plaintiff used a mechanical "manlift" to reach the top of the 30-foot form at the commencement of the work, but noticed that such device had been removed by carpenters when he attempted to descend the form to refill his grease bucket. Instead of waiting for a lift, plaintiff climbed down the form by repeatedly hooking and unhooking his harness against the form. After descending without incident and refilling his bucket, plaintiff attempted to reclimb the form by the same hooking method. However, 15 feet from the ground, he fell from the form during one of the hooking maneuvers. Although a ladder and safety line were available along other parts of the same form, plaintiff declined to use either because the ladder was in a "dark" area and the safety line was obstructed.

Plaintiff commenced the instant action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). He asserted that defendant failed to provide him with proper protection and a safe workplace, and violated multiple provisions of the Industrial Code relating to safety lines, illumination, ladders, tripping hazards and platforms.

A jury trial was held on each of plaintiff's statutory causes of action. The jury found defendant liable on the Labor Law § 200 cause of action, but returned a verdict of no liability on the section 240 (1) claim. With respect to section 241 (6), the jury found that several Industrial Code provisions were violated and that such violations constituted a failure to exercise reasonable care. However, the jury also found that each of the Code violations was not a proximate cause of plaintiff's injuries, with one exception, that being the Code provision requiring sufficient illumination at work sites (12 NYCRR 23-1.30).[1]

Thereafter, defendant moved, pursuant to CPLR 4404 (a), to vacate the jury's verdicts to the extent it was found liable under Labor Law §§ 200 and 241 (6), and for entry of judgment dismissing those causes of action. Defendant argued that there was no evidence in the record that the lighting at the accident site failed to meet the specific standard in 12 NYCRR 23-1.30, or that inadequate lighting was a proximate cause of the accident. Defendant further asserted that no rational jury could have found that it exercised the requisite supervisory control over the injury-producing work to support the liability finding on the section 200 claim.

In the order appealed from, Supreme Court found the evi-

---

1. The jury apportioned 20% fault to plaintiff on the Labor Law § 241 (6) claim and 50% fault on the section 200 claim.

dence insufficient to support a violation of 12 NYCRR 23-1.30, and consequently vacated the liability verdict on the Labor Law § 241 (6) claim. However, instead of granting judgment to defendant, the court remanded that claim for a new trial because of an erroneous jury charge. The court denied the motion as to the section 200 claim, finding sufficient evidence to support the jury's conclusions of an unsafe work place, supervisory control exercised by defendant and notice of the unsafe condition. Defendant appeals both findings.

A trial court is empowered under CPLR 4404 (a) to set aside a jury verdict and grant judgment in favor of the losing party where it determines that there is no valid line of reasoning and permissible inferences that could possibly lead a rational person to the conclusion reached by the jury (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Ramos v Castega-20 Vesey St., LLC*, 25 AD3d 773, 774-775 [2006]).

Initially, Supreme Court properly set aside the jury's liability finding on that branch of plaintiff's Labor Law § 241 (6) cause of action alleging inadequate illumination. The Industrial Code regulation at issue here (22 NYCRR 23-1.30) requires that owners and contractors provide "[i]llumination sufficient for safe working conditions . . . but in no case shall such illumination be less than 10 foot candles in any area where persons are required to work nor less than five foot candles in any passageway, stairway, landing or similar area where persons are required to pass." In the instant case, plaintiff offered no evidence at trial that the lighting at the accident site failed to meet this specific standard. Instead, plaintiff relied on the conclusory and nonspecific assertions of two witnesses stating that the area was "dark" or "a little dark." Contrary to plaintiff's argument, this vague testimony was insufficient to create an inference that the amount of lighting fell below the specific statutory standard (*Herman v St. John's Episcopal Hosp.*, 242 AD2d 316, 317 [1997]; *cf. Murphy v Columbia Univ.*, 4 AD3d 200, 202 [2004]).[2]

The court erred, however, in remanding the Labor Law § 241 (6) claim for a new trial based on a jury charge error. Once the

---

2. We are not unmindful of the inherent difficulties faced by plaintiffs in attempting to establish a violation of this Code provision. Where, as here, the location of the accident is a temporary construction site, with minimal artificial and natural lighting, it may prove difficult, if not impossible, to establish that the lighting at the time and place of the accident fell below the statutory standard of 10 foot candles. Nevertheless, to establish liability under section 241 (6), a plaintiff must offer some evidence to support a jury's conclusion that the lighting failed to meet these concrete statutory requirements (*see Herman*, 242 AD2d at 317 [testimony that the illumination exceeded that required by

court determined that the verdict must be set aside as a matter of law, any errors in the jury charge became irrelevant (*see Skier v City of New York*, 289 AD2d 474 [2001] [in light of determination that evidence was legally insufficient to support finding of negligence, it was unnecessary to reach plaintiff's contentions regarding alleged errors in jury charge]). Where the trial evidence is found to be insufficient to support a jury verdict as matter of law, the proper remedy is to set it aside and grant judgment to the moving party (CPLR 4404 [a]).

Supreme Court also erred in refusing to set aside that portion of the verdict finding defendant liable on the Labor Law § 200 claim. Section 200 is a codification of the common-law duty imposed upon owners and general contractors to provide construction site workers with a safe place to work (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). However, liability under this section may be imposed only against parties that have the authority to control the activity bringing about the injury (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]). Thus, where an alleged defect or dangerous condition arises from a contractor's methods and the owner exercises no supervisory control over the work, no liability attaches under section 200 (*Comes*, 82 NY2d at 877; *Reilly v Newireen Assoc.*, 303 AD2d 214, 219 [2003], *lv denied* 100 NY2d 508 [2003]).

Here, plaintiff was engaged in greasing rods on the interior of the forms at the time he was injured, and the record shows that such work was supervised and controlled exclusively by plaintiff's employer, Perini, not by defendant. Indeed, there is no evidence that anyone employed by defendant instructed plaintiff in the manner of performing his work or how to utilize safety devices while so engaged. The testimony of defendant's assistant project manager that he inspected the work site several times a week and would report any safety violations he observed is insufficient to support a finding of supervision or control under Labor Law § 200 (*Dalanna v City of New York*, 308 AD2d 400 [2003]; *De La Rosa v Philip Morris Mgt. Corp.*, 303 AD2d 190, 192 [2003]). Since plaintiff failed to show that defendant exercised direct supervision or control over the injury-producing work, the section 200 claim should have been dismissed.

The Labor Law § 200 claim should have been set aside for the additional reason of lack of notice. Liability under this section requires not only direct supervision or control over the injury-

regulation]; *Murphy*, 4 AD3d at 202 [lighting was "nonexistent" and "pitch black"]).

producing work, but also actual or constructive notice of the dangerous condition that caused plaintiff's injury (*Maldonado v Metropolitan Life Ins. Co.*, 289 AD2d 176 [2001]). The notice must call attention to the specific defect or hazardous condition, and its specific location (*Mitchell v New York Univ.*, 12 AD3d 200, 201 [2004]). Here, there is no evidence that defendant had actual or constructive notice of dangerous lighting conditions in the area where plaintiff was working. Moreover, even if defendant's awareness of recent accidents at the work site (unconnected to plaintiff's work area) were sufficient to constitute some evidence of notice, liability under section 200 may not be based solely on an owner's notice of the allegedly unsafe manner in which a contractor's work is being performed (*Comes*, 82 NY2d at 877-878). Concur—Tom, J.P., Gonzalez, Sweeny, Catterson and Malone, JJ.