■ CHRISTOPHER AGLI, Respondent, v TURNER CONSTRUCTION COMPANY INCORPORATED et al., Respondents, and AMERICAN STEEL ERECTORS, Appellant. (And a Third-Party Action.) [655 NYS2d 365] —Order, Supreme Court, New York County (Charles Ramos, J.), entered August 2, 1996, which, insofar as appealed from, denied defendant-appellant's motion for summary judg-

ment dismissing the complaint as against it, unanimously affirmed, without costs.

Drawing all reasonable inferences in favor of the non-moving parties, the parties' conflicting affidavits raise issues of fact that in large part turn on witness credibility, including whether appellant negligently failed to have the net that fell on plaintiff inspected after installing it, thus failing to assure its stability; whether defendants-respondents alleged intervening acts of dismantling and reattaching the net, causing it to sag, and snagging the net with a trailer, causing it to collapse, in fact occurred; and if so, whether such acts, to the exclusion of appellant's own possible fault, were the cause of the net falling on plaintiff. Appellant's argument that it cannot be held liable under the Labor Law because it had no supervisory authority or control over plaintiff or the worksite is improperly raised for the first time on appeal, and, in any event, issues of fact exist as to the extent of appellant's involvement in and around the worksite and its control over the safety measures employed thereat. We have considered appellant's remaining arguments and find them to be without merit. Concur—Wallach, J. P., Nardelli, Rubin and Williams, JJ.