■ JOHN CARTY, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent. [821 NYS2d 178]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered December 22, 2004, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Nonparty Yonkers/Tully/Pegno (YTP) was retained by defendant Port Authority as the general contractor for restoration and reconstruction work on a portion of the PATH tunnel beneath the former World Trade Center complex. Plaintiff, a carpenter employed by YTP, was injured when, while returning to his job after a meal break, he allegedly slipped on some wet cobblestones and fell into the concrete trough that ran through the tunnel.

An owner's responsibility for an injury at a work site, under Labor Law § 200 and common law, requires a showing that it

had "the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998] [internal quotation marks omitted]). Plaintiff produced no evidence that defendant was responsible for supervising, controlling and directing YTP's employees, or the means and methods by which such employees were to perform their work. Moreover, there is no indication that defendant ever received any complaints relating to lighting or other conditions in the tunnel. Mere "monitoring and oversight of the timing and quality of the work is not enough to impose liability under section 200" (*Dalanna v City of New York*, 308 AD2d 400, 400 [2003]). Absent any evidence that defendant created or had prior notice of allegedly defective conditions, the causes of action under section 200 and for common-law negligence were properly dismissed (*see Bond v York Hunter Constr.*, 95 NY2d 883, 885 [2000]).

A cause of action under Labor Law § 241 (6) depends upon a showing of noncompliance with some specific safety standard (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). Plaintiff did not identify in his complaint or bill of particulars any provision in the Industrial Code (12 NYCRR) that defendant had allegedly violated. Only in opposition to defendant's request for summary dismissal, some $4^{1}/_{2}$ months after filing his note of issue and statement of readiness, did plaintiff specify particular sections of the Industrial Code as bases for relief under the statute. 12 NYCRR 23-1.5 (a) sets forth an employer's general responsibility for health and safety in the workplace, and is insufficiently specific to support a section 241 (6) claim (*see Sajid v Tribeca N. Assoc. L.P.*, 20 AD3d 301, 302 [2005]; *Maldonado v Townsend Ave. Enters., Ltd. Partnership*, 294 AD2d 207, 208 [2002]). 12 NYCRR 23-1.7 (d) addressing slipping hazards and 12 NYCRR 23-1.7 (e) addressing tripping hazards in passageways and other work areas caused by the accumulation of dirt, debris, sharp projections, and scattered tools and other materials, although specific enough to support a cause of action thereunder (*see O'Brien v Triborough Bridge & Tunnel Auth.*, 17 AD3d 105, 106 [2005]; *Murphy v Columbia Univ.*, 4 AD3d 200, 202 [2004]), are nevertheless unavailable under the facts herein because plaintiff attributed his slip and fall to the fact that the tunnel was dark and without light. However, 12 NYCRR 23-1.30, which pertains to illumination of work areas, is likewise inapplicable because plaintiff's vague testimony that the lighting was "poor" and the basement where he fell was "dark" was "insufficient to create an inference that the amount of lighting fell below the specific statutory standard" (*Cahill v Triborough Bridge & Tunnel*

*Auth.*, 31 AD3d 347, 349 [2006]). Concur—Tom, J.P., Marlow, Gonzalez, Catterson and Malone, JJ. [*See* 6 Misc 3d 1017(A), 2004 NY Slip Op 51801(U) (2004).]