Santiago v Pioneer Transp. Corp. (2018 NY Slip Op 00079)





Santiago v Pioneer Transp. Corp.


2018 NY Slip Op 00079


Decided on January 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 4, 2018

Renwick, J.P., Manzanet-Daniels, Gische, Kahn, Singh, JJ.


5375 302298/14

[*1]Victor Manuel Santiago, Plaintiff-Respondent,
v
Pioneer Transportation Corp., et al., Defendants-Appellants.


Silverman Shin & Byrne PLLC, New York (Wayne S. Stanton for counsel), for appellants.
Law Offices of Ariel Aminov, PLLC, Islip (Ariel Aminov of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered March 4, 2016, which, inter alia, granted plaintiff's motion for summary judgment as to liability, unanimously reversed, on the law, without costs, and the motion denied.
On January 21, 2014, a school bus owned and operated by defendants collided with the rear of a truck plaintiff claimed, by affidavit, that he was driving. In contrast, the defendant bus driver averred that plaintiff was not the truck driver based on his observance of that driver's appearance, which contrasted with photographs of plaintiff, which defendant viewed. Thus, the court erred in granting plaintiff's motion for summary judgment because, " viewed in the light most favorable to the non-moving party,'" defendants raised an issue of fact as to the identity of the other driver (Vega v Restani Cost. Corp., 18 NY3d 499, 503 [2012]). "[W]hether a particular defendant owes a duty to a particular plaintiff is a question of fact" for the jury (Kimmell v Schaefer, 89 NY2d 257, 263 [1996]). The bus driver's affidavit was not impermissibly self-serving as having contradicted any of his prior testimony (cf. Caraballo v Kingsbridge Apt. Corp., 59 AD3d 270 [1st Dept 2009]). It is for the jury to resolve issues of credibility as between the conflicting affidavits of the parties concerning the identity of the truck driver (see Ocean v Hossain, 127 AD3d 402, 403 [1st Dept 2015]; Agli v Turner Constr. Co., 237 AD2d 173, 174 [1st Dept 1997]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 4, 2018
CLERK