Favaloro v Port Auth. of N.Y. & N.J. (2021 NY Slip Op 00993)





Favaloro v Port Auth. of N.Y. & N.J.


2021 NY Slip Op 00993


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Gische, J.P., Moulton, González, Scarpulla, JJ. 


Index No. 101119/12 Appeal No. 13128 Case No. 2019-2619 

[*1]Christopher Favaloro, Plaintiff-Respondent-Appellant,
v
Port Authority of New York & New Jersey et al., Defendants-Appellants-Respondents, Granite Construction Northeast, Inc., Defendant, Turner Construction Co. et al., Defendants-Respondents-Appellants. [And a Third-Party Action]


Braff, Harris, Sukoneck & Maloof, New York (Adam J. Kipnis of counsel), f0r appellants-respondents.
Hofmann & Schweitzer, New York (Dario Anthony Chinigo of counsel), for Christopher Favaloro, respondent-appellant.
Shaub Ahmuty Citrin & Spratt, Lake Success (Christopher Theobalt of counsel), for Two World Trade Center, LLC, Turner Construction Co. and Halmar International, respondents-appellants.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered November 29, 2018, which, to the extent appealed from as limited by the briefs, (1) granted the branches of plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim and his Labor Law § 241(6) claim insofar as predicated on Industrial Code (12 NYCRR) § 23-1.30, as against defendants Port Authority of New York & New Jersey (Port Authority), Turner Construction Co. (Turner), and Halmar International (Halmar), and denied the branches of defendants' separate cross motions for summary judgment dismissing those claims, (2) granted the branches of defendants' cross motions for summary judgment dismissing the Labor Law § 241(6) claim insofar as predicated on Industrial Code (12 NYCRR) § 23-1.7(b)(1)(i), and denied the branch of plaintiff's motion for summary judgment on the issue of liability on that claim, and (3) denied the branch of Turner, defendant Two World Trade Center, LLC (2WTC), and Halmar's cross motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against Halmar, unanimously affirmed, without costs.
As an initial matter, Turner, 2WTC, and Halmar's argument that they are not proper Labor Law defendants is improperly raised for the first time on appeal (see Agli v Turner Constr. Co., 237 AD2d 173, 174 [1st Dept 1997]; Yaucan v Hawthorne Vil., LLC, 155 AD3d 924, 927 [2d Dept 2017]).
Plaintiff was properly awarded summary judgment on his Labor Law § 240(1) claim. Plaintiff asserts that he was injured when, while walking on what was in effect a below-grade level, he stepped on a piece of unsecured plywood that was partially covering a concrete hole, causing the plywood to fly up and plaintiff's right leg to fall into the hole up to his hip, which struck the concrete. Contrary to defendants' contention, the facts that plaintiff's fall occurred below grade and that plaintiff did not fall all the way through the hole do not take his fall out of the ambit of Labor Law § 240(1). Rather, Supreme Court correctly determined that plaintiff's accident arose from a gravity-related risk against which defendants failed to adequately protect him (see e.g. Sunun v Klein, 188 AD3d 507, 508-509 [1st Dept 2020]; Carpio v Tishman Constr. Corp. of N.Y., 240 AD2d 234, 235-236 [1st Dept 1997]; see also Robertti v Powers Chang, 227 AD2d 542, 543 [2d Dept 1996], lv dismissed 88 NY2d 1064 [1996]).
Because the hole that plaintiff stepped into was not a "hazardous opening" within the meaning of 12 NYCRR 23-1.7 (b), defendants were entitled to summary judgment dismissing plaintiff's Labor Law § 241 (6) claim to the extent it is based upon that section of the Industrial Code. Plaintiff did not fall all the way through because his hip struck the concrete footing. "Reading the regulation as a whole," 12 NYCRR 23-1.7(b)(1)(i) applies to openings deep enough for a person to fall all the way through (Messina v City of New York, [*2]300 AD2d 121, 123 [1st Dept 2002]). No measurement in the record supports an inference that plaintiff could have fallen all the way through the hole.
Plaintiff was, however, properly awarded summary judgment on his Labor Law § 241(6) claim based on 12 NYCRR 23-1.30 (Illumination). Plaintiff testified that the only lighting in the area he was working in was from floodlights some 80 feet above and that it was very dark. Defendants failed to raise an issue of fact that the lighting as it existed at the time of plaintiff's accident was adequate.
Triable issues of fact remain as to whether plaintiff's accident was caused by a dangerous premises condition (the uncovered hole), Halmar's means and methods (i.e., its alleged failure to secure the plywood cover over the hole), or some combination thereof, and as to Halmar's liability under the applicable standard governing liability
both pursuant to Labor Law § 200 and for common-law negligence (see e.g. Cackett v Gladden Props., LLC, 183 AD3d 419, 420-421 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021