Cruz v Metropolitan Tr. Auth. (2021 NY Slip Op 02596)





Cruz v Metropolitan Tr. Auth.


2021 NY Slip Op 02596


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Webber, J.P., Singh, González, Shulman, JJ. 


Index No. 157923/13 Appeal No. 13696 Case No. 2020-03487 

[*1]Angel Cruz, Plaintiff-Appellant,
v
Metropolitan Transit Authority, et al., Defendants-Respondents, Tully Construction Company-EE Cruz & Company, JV, LLC, Defendant.


Joseph T. Mullen, Jr. & Associates, New York (Neil A. Zirlin of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondents.



Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered January 28, 2020, which, to the extent appealed from as limited by the briefs, granted the Transit Authority defendants' motion for summary judgment dismissing plaintiff's common-law negligence and Labor Law §§ 200 and 241(6) claims, unanimously affirmed, without costs.
The Labor Law § 241(6) cause of action was properly dismissed. The berm consisting of loose dirt and debris on which plaintiff and his coworker were standing, and which was supporting the water main that they were attaching to beams overhead before excavation could continue, "did not constitute a 'slippery condition' as contemplated by 12 NYCRR 23-1.7(d)" (Miranda v City of New York, 281 AD2d 403, 404 [2d Dept 2001]). Indeed, there was no "foreign substance which may cause slippery footing [to] be removed, sanded or covered" (12 NYCRR 23-1.7[d]; see Fitzgerald v Marriott Intl., Inc., 156 AD3d 458, 458 [1st Dept 2017]; Salinas v Barney Skanska Constr. Co., 2 AD3d 619, 622 [2d Dept 2003]; D'Acunti v New York City School Constr. Auth., 300 AD2d 107, 107 [1st Dept 2002]).
As to the lighting conditions, there is no evidence to establish that "that the amount of lighting fell below the specific statutory standard" (Carty v Port Auth. of N.Y. & N.J., 32 AD3d 732, 733 [1st Dept 2006], lv denied 8 NY3d 814 [2007]; see 12 NYCRR 23-1.30). Testimony confirms that headlamps allowed plaintiff's coworker to see plaintiff's face on the other side of the three-foot-wide water main, and to see the metal washer before it fell, while plaintiff could see where he was walking, and saw the washer slide down the berm after it fell (compare Boggs v City of New York, 135 AD3d 583, 583 [1st Dept 2016] [nearest light 50 feet away]; Hernandez v Columbus Ctr., LLC, 50 AD3d 597, 598 [1st Dept 2008] ["street light 150 to 200 feet away"]; Verel v Ferguson Elec. Constr. Co., Inc., 41 AD3d 1154, 1158 [4th Dept 2007] [no artificial lighting in area]).
The negligence and Labor Law § 200 claims were also properly dismissed. Although plaintiff's and his coworker's testimony diverged on the details of whether the coworker slipped and knocked the washer down (see Lebron v New York City Hous. Auth., 158 AD3d 503, 505 [1st Dept 2018], quoting Benitez v New York City Board of Educ., 73 NY2d 650, 659 [1989] ["issues of proximate cause are generally fact matters to be resolved by a jury"]), the berm was "'part of or inherent in' the very work being performed," supporting the water main that plaintiff and his coworker were bracing (Bombero v NAB Constr. Corp., 10 AD3d 170, 171 [1st Dept 2004], quoting Gasper v Ford Motor Co., 13 NY2d 104, 110 [1963]). The testimony also establishes that the muddy and slippery condition of the berm was readily observable (id.).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021