Jackson v Hunter Roberts Constr., L.L.C. (2022 NY Slip Op 03321)





Jackson v Hunter Roberts Constr., L.L.C.


2022 NY Slip Op 03321


Decided on May 19, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 19, 2022

Before: Kapnick, J.P., Webber, Mendez, Pitt, Higgitt, JJ. 


Index No. 114083/11 Appeal No. 15967 Case No. 2020-01124 

[*1]Robert Jackson et al., Plaintiffs-Appellants,
v
Hunter Roberts Construction, L.L.C., et al., Defendants-Respondents.


Cox Padmore Skolnik & Shakarchy LLP, New York (Stefan B. Kalina of counsel), for appellants.
Cullen & Dykman LLP, New York (Adrienne Yaron of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kottler, J.), entered October 25, 2019, which granted defendants' motion for summary judgment dismissing plaintiffs' Labor Law § 200 and common-law negligence claims and denied plaintiffs' cross motion for summary judgment on the issue of liability on those claims, unanimously modified, on the law, to deny defendants' motion and reinstate the Labor Law § 200 and common law negligence claims, and otherwise affirmed, without costs.
Plaintiff alleges that he sustained personal injuries when he tripped and fell while carrying a section of pipe over a piece of plywood being used as a ramp. Plaintiff's accident occurred while he was working as a plumber on a construction site, a garage being built at Yankee Stadium. Defendant Hunter Roberts Construction, L.L.C. (Hunter Roberts) was the owner of the premises and defendant Bronx Parking Development Company, L.L.C. (Bronx Parking) was the general contractor.
At the time of the accident, plaintiff and approximately six to eight other workers were performing work for nonparty JM Botto. Specifically, they were tasked with unloading water main pipes from a flatbed truck and placing them on a "pipe cart" in a garage. The truck was located outside the garage and parked at street level. The pipe cart was located in the garage below street level and was about 30 to 40 feet from the truck. According to plaintiff, in order to reach the pipe cart from the truck, he had to traverse a piece of plywood, possible "four by eight." The plywood covered the distance from the dirt road/driveway outside the garage to the concrete garage floor.
Labor Law § 200 is a codification of the common-law duty of owners and general contractors to provide workers with a reasonably safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]). Claims under Labor Law § 200 and the common law fall under two categories: "those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). "Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it. Where the injury was caused by the manner and means of the work, including the equipment used, the owner or general contractor is liable if it actually exercised supervisory control over the injury-producing work" (id. [internal citations omitted]).
Defendants established their prima facie entitlement to judgment as a matter of law on the causes of action alleging a violation of Labor Law § 200 and common-law negligence by demonstrating that they did not have authority to supervise or control the means and methods of plaintiff's work. However, to the extent those causes of action are also predicated on the existence of a dangerous or defective [*2]condition (a defective plywood ramp), triable issues of fact remain as to whether the owner or general contractor had actual or constructive notice (see Favalaro v Port Auth. of N.Y. & N.J., 191 AD3d 524, 525 [1st Dept 2021]; Carrera v Westchester Triangle Hous. Dev. Fund Corp., 116 AD3d 585, 586-587 [1st Dept 2014]). Defendants' witnesses all testified to a lack of knowledge of the plywood ramp, thereby establishing lack of actual notice. However, plaintiff raised a triable issue as to constructive notice by his deposition testimony and affidavit that he had seen the plywood ramp in place when he began working at the construction site, although he never traversed it prior to his accident, which occurred months into his work, and that defendants' trailers were located only 30 to 50 feet from where plaintiff's accident occurred. Contrary to defendants' insinuations, the number of witnesses contradicting plaintiff's account is not a basis for granting them summary judgment; it merely raises issues of credibility for the fact-finder.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022