**Williamson v Guardian Life Ins. Co. of Am.**

2024 NY Slip Op 31927(U)

June 4, 2024

Supreme Court, New York County

Docket Number: Index No. 161759/2019

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

INDEX NO. 161759/2019

RECEIVED NYSCEF: 06/04/2024

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. DAVID B. COHEN                          PART     58
                                                    *Justice*

-------------------------------------------------------------------------------X

WILLIAM WILLIAMSON and STACEY WILLIAMSON,

                Plaintiffs,

              - v -

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA and JRM CONSTRUCTION MANAGEMENT,
LLC,

              Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161759/2019 |
| MOTION SEQ. NO. | 004, 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 176, 178, 179, 181, 195, 196, 198

were read on this motion to/for          JUDGMENT - SUMMARY     .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 177, 180, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 197, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208

were read on this motion to/for     SUMMARY JUDGMENT(AFTER JOINDER    .

In this Labor Law action, defendants move (Seq. 005), pursuant to CPLR 3212, for summary judgment against third-party defendant Donaldson Interiors Inc. (Donaldson) on their claim for contractual indemnification, and summary judgment dismissing plaintiff's Labor Law §§ 240(1) and 241(6) claims. Plaintiff cross-moves, pursuant to CPLR 3212, for summary judgment against defendants on the issue of liability under Labor Law §§ 240(1) and 241(6). Donaldson moves (Seq. 004), pursuant to CPLR 3212, for summary judgment dismissing defendants' third-party complaint (Doc No. 122).

[* 1]

I.  Factual and Procedural Background

This case arises from an incident on June 11, 2019, in which plaintiff was allegedly injured after suffering a fall while working at a construction site located at 10 Hudson Yards in Manhattan (the premises) (Doc No. 156).  Plaintiff commenced this action against defendants alleging, among other things, claims of common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6) (Doc No. 156).  Defendants The Guardian Life Insurance Company of America (Guardian) and JRM Construction Management, LLC (JRM) (collectively, defendants) joined issue by their answers dated January 16, 2020, and January 23, 2020, respectively (Doc Nos. 4 and 6).[1]

Donaldson moves (Seq. 004) for summary dismissal of defendants' third-party complaint (Doc No. 122), which defendants oppose (Doc No. 138).  Defendants move (Seq. 005) for summary dismissal of plaintiff's Labor Law §§ 240(1) and 241(6) claims, and summary judgment against Donaldson on their contractual indemnification claim against it (Doc No. 153).  Plaintiff opposes the motion (Doc No. 188) and cross-moves for partial summary judgment against defendants on his Labor Law §§ 240(1) and 241(6) claims (Doc No. 184), which defendants oppose (Doc No. 205).[2]

*A.  Deposition Testimony of Plaintiff (Doc No. 164)*

At his deposition, plaintiff testified that, on the day of the incident, he was employed by Donaldson as a carpenter/foreman and was responsible for assigning roles to his subordinates at the premises.  Guardian was a tenant inside the building at the premises and JRM was the general contractor for the construction project.  JRM hired Donaldson to serve as a subcontractor.  He was

---

[1]  Guardian and JRM were initially represented by different attorneys when they answered the complaint, however, they are now represented by the same attorney.

[2]  Neither party references plaintiff's Labor Law § 200 or common-law negligence claims, and there is no indication that such claims have been withdrawn or discontinued.

**161759/2019   WILLIAMSON, WILLIAM vs. GUARDIAN LIFE INSURANCE**
**Motion No.  004 005**

**Page 2 of 17**

given instructions by his two supervisors, who were both Donaldson employees, and a supervisor from JRM.

During the week prior to the incident, JRM instructed him to inspect and repair all of the fire-rated partition walls across three specific floors. Although JRM instructed him on what to do, he was responsible for the means and methods of the work. The partitions were installed inside various industrial closets when the building was initially built. Inspecting and repairing these partitions was not included in the scope of work as listed in the contract between JRM and Donaldson.

On the date of the incident, plaintiff arrived at the premises in the morning and went to the 20th floor to begin his inspection and repair work. To reach the first closet he passed through a "vestibule" that was dimly lit by a single, permanent light. He opened the closet door and stepped inside in one fluid motion. Upon stepping inside the closet, he fell to the floor because he was unaware that there was a height differential of approximately two feet between the floor outside the door and the floor inside it. The closet was "dark" and "pitch black" with no lighting, which he only noticed once he was inside.

Later that day he transported himself to the hospital. Although he was aware of an accident report made after his accident, he did not complete it himself and did not provide statements to the person completing it.

### B. Deposition Testimony of Defendants (Doc No. 159)

A superintendent for JRM confirmed that JRM was the general contractor on the project and that it hired Donaldson as a drywall and ceiling subcontractor to perform work on the 20th, 21st, and 22nd floors of the premises. He was responsible for ensuring work was being performed to all specifications and had the authority to stop work that was unsafe. JRM determined that the

161759/2019   WILLIAMSON, WILLIAM vs. GUARDIAN LIFE INSURANCE
Motion No.  004 005

Page 3 of 17

fire-rated partition walls needed to be inspected and repaired. Because that work was outside the scope of work from the initial contract between JRM and Donaldson, the two entered into an additional agreement for Donaldson to perform that work.

Industrial closets were normally locked, but if JRM needed them unlocked for someone to work in them, it would ask the property owner's personnel to open them shortly before the work began. The superintendent was aware that several other closets had a height differential between the outside of the door and the inside, which he approximated as 14 inches, however, he could not confirm whether he was aware of a height differential in the closet where plaintiff was injured. There was permanent lighting in the vestibule outside the closet that remained on during the day from roughly 6:00a.m. to 10:00p.m. Permanent lighting was installed inside other closets, however, he could not confirm whether such lighting was installed in the closet where plaintiff was injured.

He did not witness plaintiff's accident and was not at the premises on the day of the incident, but he was informed of it the following day when he arrived. When shown a copy of the accident report, he confirmed that it accurately reflected his understanding of what transpired.

*C. Deposition Testimony of Plaintiff's Coworker (Doc No. 165)*

One of plaintiff's coworkers testified that he was working with plaintiff at the premises on the day of the incident, and that the two of them were instructed to inspect and repair the fire-rated partition walls on the 20th, 21st, and 22nd floors. They reached the 21st floor and proceeded down a hallway towards one of the industrial closets. The hallway "was[ not] well lit;" it contained no lights, just the natural light from windows around the exterior of the building. He witnessed plaintiff open the closet door and fall immediately after stepping inside. Plaintiff's coworker was

**161759/2019   WILLIAMSON, WILLIAM vs. GUARDIAN LIFE INSURANCE**                                            **Page 4 of 17**
  **Motion No.  004 005**

4 of 17

[* 4]

unaware of the height differential between the hallway floor and the closet floor, which he approximated as 16 to 18 inches.

Initially, plaintiff's coworker testified that there was no lighting in the closet. However, he later stated that he returned to the closet shortly after plaintiff's incident to finish his work and noticed a light switch and a light inside the closet. He turned the light on and it provided enough light to complete his work.

### D. JRM Accident Report (Doc No. 186)

The JRM accident report provided that plaintiff fell after opening the door to an "electric closet" and stepping into a hole. It noted that "[t]he raised floor stopped at the doorway," but plaintiff failed to realize the raised flooring did not continue into the closet. The height differential between raised and unraised flooring was listed as both two feet and 14 inches, with photographs confirming a height of 14 inches.

### E. Deposition Testimony of Donaldson (Doc No 162)

A project executive from Donaldson confirmed that JRM hired Donaldson, verified the contract between the two entities, and stated that all work pursuant to the scope of work of that agreement was completed in Fall 2019. However, additional work regarding fire-rated partition walls, which was outside the original scope of work, was discussed by JRM and Donaldson. Once agreed to, JRM provided Donaldson with a change order to confirm the additional work to be performed. He was aware of the raised flooring installed in the open spaces outside the industrial closets on the 20th, 21st, and 22nd floors, and stated that a subcontractor other than Donaldson installed that flooring.

### F. Affidavit of Plaintiff's Expert (Doc No. 187)

**161759/2019   WILLIAMSON, WILLIAM vs. GUARDIAN LIFE INSURANCE**
**Motion No.  004 005**

**Page 5 of 17**

5 of 17

[* 5]

In his affidavit, plaintiff's expert opined that the area where plaintiff fell was: (1) an "open floor hazard" that should have been covered or barricaded, (2) a tripping hazard, and (3) inadequately lit—all of which caused his injuries. He concluded that those hazards and inadequate lighting constituted violations of Labor Law §§ 200, 240(1), and 241(6).

G. *Change Request Documents Between JRM and Guardian (Doc No. 132)*

The change request contained a description of the fire-rated partition wall work to be performed and an indemnification provision. JRM was required to indemnify Guardian "from and against claims, damages, losses[,] and expenses, includ[ing] but not limited to attorneys' fees arising out of or resulting from performance of the [w]ork . . . to the extent caused in whole or in part by negligent acts or omissions" of JRM or any entity employed by them.

H. *Contract Between JRM and Donaldson (Doc No. 161)*

Pursuant to the contract, JRM retained control over the "means, methods, techniques, sequences[,] . . . procedures[,] and . . . coordinat[ion]" of the work performed at the premises. Donaldson was required to obtain a general liability insurance policy that named JRM as an additional insured. The contract also contained an indemnification provision that listed JRM as one of the parties to be indemnified "from and against any claims, damages, loses, liabilities, fines, payments and expenses, including but not limited to attorney's fees, arising out of and in connection with" the work done by Donaldson. It also provided that Donaldson would indemnify JRM to the fullest extent of the law, limited only to the negligent acts of Donaldson, its subcontractors, and anyone directly or indirectly employed by it.

**161759/2019   WILLIAMSON, WILLIAM vs. GUARDIAN LIFE INSURANCE**                    **Page 6 of 17**
**Motion No.  004 005**

6 of 17

## II. Legal Analysis and Conclusions

### A. Plaintiff's Cross-Motion for Summary Judgment

### 1. Plaintiff's Labor Law § 240(1) Claim

Plaintiff contends that he has made a prima facie showing that defendants violated the statute and such violations caused his injuries because the opening in the closet should have been covered or protected by guardrails. Defendants argue in opposition that plaintiff was not subjected to an elevation-related risk and none of the safety devices mentioned in the statute were required for him to perform his work. In reply, plaintiff asserts that his injuries flowed directly from the force of gravity and that there is no minimum height to qualify as an elevation-related risk.

"Labor Law § 240(1) imposes a nondelegable duty and absolute liability upon owners and contractors for failing to provide safety devices necessary for workers subjected to elevation-related risks in circumstances specified by the statute" (*Soto v J. Crew Inc.*, 21 NY3d 562, 566 [2013] [citations omitted]; *see Healy v EST Downtown, LLC*, 38 NY3d 998, 999 [2022]). However, "[n]ot every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of [the statute]" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). A plaintiff seeking summary judgment on the issue of liability "must establish that the statute was violated and that such violation was a proximate cause of his injury" (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]; *see Villanueva v 114 Fifth Ave. Assoc. LLC*, 162 AD3d 404, 405 [1st Dept 2018]).

Here, plaintiff fails to make a prima facie showing that the statute was violated. Although there is no minimal height differential required for elevation-related risks and the severity of the height differential may not necessarily determine whether such risk existed (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514-515 [1991]; *D'Ambruoso v Port Auth. of N.Y. & N.J.*,

**161759/2019   WILLIAMSON, WILLIAM vs. GUARDIAN LIFE INSURANCE**          **Page 7 of 17**
  **Motion No.  004 005**

7 of 17

211 AD3d 573, 573 [1st Dept 2022]), "it is difficult to imagine how plaintiff's [work] could have entailed an elevation-related risk which called for any of the protective devices of the types listed in [the statute]" (*Rocovich*, 78 NY2d at 514-515 [1991] [holding no statutory violation where plaintiff's foot fell into 12-inch deep trough of hot oil]). Plaintiff was simply walking into an industrial closet and fell approximately 14 inches because of a seemingly inadvertent misalignment of the floor heights inside and outside the closet. His accident likely would not have been prevented had he been supplied a scaffold, hoist, ladder, or other safety device contemplated by the statute. Therefore, he is not entitled to judgment as a matter of law on his Labor Law § 240(1) claim (*see D'Ambruoso*, 211 AD3d at 573 [finding no statutory violation where plaintiff fell 12 to 18 inches onto concrete floor]).

### *2. Plaintiff's Labor Law § 241(6) Claims*

In his bill of particulars, plaintiff asserted that his Labor Law § 241(6) claims were predicated on numerous Industrial Code provisions. However, he only addresses sections 23-1.7(b)(1), (e)(1), (e)(2), and 1.30 in his motion papers. Therefore, the Labor Law § 241(6) claims predicated on violations of the remaining Industrial Code provisions are deemed abandoned (*see Rodriguez v Dormitory Auth. of the State of N.Y.*, 104 AD3d 529, 530-531 [1st Dept 2013]).[3]

### *i. Industrial Code § 23-1.7(b)(1)(i)*

Plaintiff contends that he has made a prima facie showing that defendants violated this provision of the Industrial Code because there was no flooring or other protection inside the closet. Defendants argue in opposition that this provision is inapplicable to plaintiff's injuries because the area where plaintiff fell was not a hazardous opening as contemplated by 12 NYCRR 23-1.7(b)(1).

---

[3] The provisions not addressed are sections 23-1.5, 1.7(a), (b)(2), and (f), 2.1(a), (b), 2.2(a)-(e), and 2.5(a), (b).

**161759/2019   WILLIAMSON, WILLIAM vs. GUARDIAN LIFE INSURANCE**
**Motion No.  004 005**

**Page 8 of 17**

[* 8]

The Industrial Code provides that "[e]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing constructed and installed in compliance with this Part" (12 NYCRR 23-1.7 [b] [1] [i]; *accord Salazar v Novalex Contr. Corp.*, 18 NY3d 134, 140 [2011]).  However, the provision "only applies to openings large enough for a person to fall completely through" (*Marte v Tishman Constr. Corp.*, 223 AD3d 527, 529 [1st Dept 2024]; *see Favaloro v Port Auth. of N.Y. & N.J.*, 191 AD3d 524, 525 [1st Dept 2021]).

Plaintiff fails to demonstrate that the opening at issue here is a hazardous one, because the evidence in the record shows that the opening was not deep enough.  The height differential between the floor outside and inside the closet was approximately 14 to 24 inches.  Thus, the opening was not "one of significant depth and size" where it would be possible for a person's entire body to fall through (*D'Egidio v Frontier Ins. Co.*, 270 AD2d 763, 764-765 [3d Dept 2000] [dismissing Labor Law § 241(6) claim predicated on 12 NYCRR 23-17(b)(1) because opening "15 to 24 inches deep" was not hazardous]; *see Favaloro*, 191 AD3d at 525 [dismissing claim because "[n]o measurement in the record supports an inference that plaintiff could have fallen all the way through the hole"]; *Vitale v Astoria Energy II, LLC*, 138 AD3d 981, 983 [1st Dept 2016] [similar]).

### ii.  Industrial Code § 23-1.7(e)(1) and (e)(2)

Plaintiff contends that he has made a prima facie showing that defendants violated this provision of the Industrial Code because the closet constituted a tripping hazard.  Defendants argue in opposition that the provision is inapplicable because the closet was not a passageway and plaintiff's injuries were not the result of dirt, debris, or other obstructions.

12 NYCRR 23-1.7(e)(1) "requires that all passageways shall be kept free from obstructions or conditions which could cause tripping" and that statutory responsibility "extends not only to the

**161759/2019   WILLIAMSON, WILLIAM vs. GUARDIAN LIFE INSURANCE**
**Motion No.  004 005**

**Page 9 of 17**

9 of 17

point where the work was actually being conducted, but to the entire site" (*Smith v McClier Corp.*, 22 AD3d 369, 371 [1st Dept 2005] [internal quotation marks, ellipses, and citations omitted]). In a similar vein, 12 NYCRR 23-1.7(e)(2) "provides that the parts of floors, platforms[,] and similar areas where persons work or pass shall be kept free from scattered materials, insofar as may be consistent with the work being performed" (*Burkoski v Structure Tone, Inc.*, 40 AD3d 378, 383 [1st Dept 2007] [internal quotation marks, brackets, ellipsis, and citations omitted]).

Plaintiff fails to demonstrate that either section is applicable to the instant facts, because his injuries were not caused by tripping. Plaintiff's injuries were the result of a fall caused by the height differential between the floor in the vestibule and the floor of the closet, of which he was unaware. There is no evidence in the record suggesting that his injuries were caused by him tripping over any accumulation of dirt or debris, obstruction, scattered tools and materials, or sharp projections. Therefore, he is not entitled to judgment as a matter of law on his Labor Law § 241(6) claims predicated on 12 NYCRR 23-1.7(e)(1) and (e)(2) (*see Zastenchik v Knollwood Country Club*, 101 AD3d 861, 863 [2d Dept 2012] [finding Industrial Code § 23-1.7(e)(1) and (e)(2) inapplicable to plaintiff's injuries because plaintiff did not trip]).

### iii. *Industrial Code § 23-1.30*

Plaintiff contends that he has made a prima facie showing that defendants violated this provision of the Industrial Code because there was no lighting inside the closet. Defendants argue in opposition that plaintiff failed to make a prima facie showing because the only evidence pertaining to lighting was "vague," "conclusory," and "non-specific." They also maintain that there was sufficient lighting available inside the closet.

12 NYCRR 23-1.30 "requires that owners and contractors provide illumination sufficient for safe working conditions" and provides specific standards, measured in foot candles, for such

**161759/2019   WILLIAMSON, WILLIAM vs. GUARDIAN LIFE INSURANCE**
**Motion No.  004 005**

**Page 10 of 17**

10 of 17

[* 10]

illumination (*Cahill v Triborough Bridge & Tunnel Auth.*, 31 AD3d 347, 349 [1st Dept 2006] [internal quotation marks omitted]; *see Carty v Port Auth. of N.Y. & N.J.*, 32 AD3d 732, 734 [1st Dept 2006], *lv denied* 8 NY3d 814 [2007]). To obtain partial summary judgment on a Labor Law § 241(6) claim predicated on this statute, a plaintiff must show "that the amount of lighting fell below the specific statutory standard" (*Cahill*, 31 AD3d at 349; *accord Cruz v Metropolitan Tr. Auth.*, 193 AD3d 639, 640 [1st Dept 2021] [affirming dismissal of Labor Law § 241(6) claim because plaintiff failed to establish amount of light was below required levels]).

However, in making that showing, a plaintiff must provide more than "vague testimony that the lighting was 'poor' and the [area] where he fell was 'dark'" (*Carty*, 32 AD3d at 733-734; *see Cahill*, 31 AD3d at 349 [finding plaintiff failed to show statutory violation occurred when he presented vague testimony consisting of "conclusory and nonspecific assertions of two witnesses stating that the area was 'dark' or 'a little dark'"]; *cf. Favaloro*, 191 AD3d at 525 [finding plaintiff made prima facie showing by presenting testimony that "the only lighting in the area he was working in was from floodlights some 80 feet above and that it was very dark"]; *Murphy v Columbia Univ.*, 4 AD3d 200, 202 [1st Dept 2004] [finding witness testimony that lighting was "nonexistent" and work area was "pitch black" sufficient to demonstrate defendants violated Labor Law § 241(6) (internal quotation marks omitted)]).

Plaintiff fails to make a prima facie showing, due to the contradictory testimony regarding the lighting conditions in the closet. Although plaintiff testified that there was no lighting within the closet, his coworker stated that lighting was present and JRM's superintendent explained that there was permanent lighting throughout the hallways and industrial closets that was continuously powered on throughout the workday. Thus, there are questions of fact for a jury to resolve regarding the lighting conditions during plaintiff's incident (*see McKinney v Empire State Dev.*

**161759/2019   WILLIAMSON, WILLIAM vs. GUARDIAN LIFE INSURANCE**                          **Page 11 of 17**
**Motion No.  004 005**

11 of 17

[* 11]

*Corp.*, 217 AD3d 574, 576 [1st Dept 2023] ["The conflicting versions of the lighting conditions . . . raise issues of credibility that cannot be resolved on summary judgment."]).

### B. Defendants' Motion for Summary Judgment
#### i. Plaintiff's Labor Law § 240(1) Claim

Based on the findings above that plaintiff's injuries were not the result of an elevation-related risk, defendants have made a prima facie showing that the statute was not violated and plaintiff fails to demonstrate that questions of fact exist.

#### ii. Plaintiff's Labor Law § 241(6) Claims

Based on the findings above that 12 NYCRR 23-1.7(b)(1)(i), (e)(1), and (e)(2) are inapplicable to the facts regarding plaintiff's injuries, defendants have made a prima facie showing that they are entitled to summary dismissal of plaintiff's Labor Law § 241(6) claims predicated on those Industrial Code provisions. However, as there are questions of fact with respect to the lighting conditions in the area of the incident, the branch of defendants' motion seeking to dismiss plaintiff's Labor Law § 241(6) claim predicated on 12 NYCRR 23-1.30 is denied.

#### iii. Defendants' Contractual Indemnification Claim Against Donaldson

Defendants contend that they are entitled to conditional contractual indemnification because plaintiff's injuries arose out of the work Donaldson was performing at the premises. In support of its motion for summary dismissal, Donaldson argues that it is entitled to summary dismissal of defendants' contractual indemnification claim because it was not negligent. It also argues that the indemnification clause violates General Obligations Law.

Contrary to Donaldson's contention, "the indemnification provision, which has a savings clause limiting any indemnification to the extent permitted by law, does not violate General Obligations Law § 5-322.1(1), which allows contractual provisions requiring indemnification whether or not the promisor is partially negligent" (*Mancusi v Avalonbay Communities, Inc.*, 199

**161759/2019   WILLIAMSON, WILLIAM vs. GUARDIAN LIFE INSURANCE**
**Motion No.  004 005**

**Page 12 of 17**

[* 12]

AD3d 463, 464 [1st Dept 2021]; *see Alvarado v SC 142 W. 24 LLC*, 209 AD3d 422, 424 [1st Dept 2022] [granting contractual indemnification because provision only required that accident arise out of contractors work and did not "run afoul of" General Obligations Law]).

In any event, generally, "summary judgment on [a] contractual indemnification claim must be granted conditionally rather than unconditionally, in light of the pending issues of fact" regarding a defendant's negligence (*Aramburu v Midtown W. B, LLC*, 126 AD3d 498, 500 [1st Dept 2015] [granting conditional contractual indemnity where plaintiff established defendant liable under Labor Law § 240(1) but questions of fact existed regarding plaintiff's Labor Law § 200 and common-law negligence claims because accident caused in part by defendants' Labor Law § 240(1) violation]; *see e.g. Fuger v Amsterdam House for Continuing Care Retirement Community, Inc.*, 117 AD3d 649, 650-651 [1st Dept 2014] [similar]).

Here, the plain language of the indemnification provision demonstrates its breadth, as it requires Donaldson to indemnify JRM against claims arising out of or occurring in connection with Donaldson's work. That broad provision was triggered by this action, as Donaldson was responsible for the work of inspecting and repairing the fire-rated partition walls at the premises, and plaintiff was allegedly injured as he began his inspections. Therefore, plaintiff's claims arise out of the work performed by Donaldson (*see Aramburu*, 126 AD3d at 500-501 [finding indemnification provision requiring indemnification for claims "which arise out of or are connected with, or are claimed to arise out of or be connected with, the performance of the (w)ork" triggered by plaintiff's Labor Law action after he slipped and fell on wooden ramp]; *Urbina v 26 Ct. St. Assoc., LLC*, 46 AD3d 268, 271 [1st Dept 2007] [affirming grant of contractual indemnification where electrician fell off scaffolding and subcontract required subcontractor to "furnish[] and install[]" all scaffolding]).

**161759/2019   WILLIAMSON, WILLIAM vs. GUARDIAN LIFE INSURANCE**
**Motion No.  004 005**

**Page 13 of 17**

13 of 17

[* 13]

*C.  Donaldson's Motion for Summary Dismissal*

With respect to defendants' claims against Donaldson for common-law indemnification and contribution, defendants explicitly declined to oppose the branches of Donaldson's motion seeking summary dismissal of those claims.  Therefore, those branches of Donaldson's motion are granted without opposition.

*i.  Defendants' Contractual Indemnification Claim*

Based on the findings above that defendants are entitled to conditional contractual indemnification based on the plain language of the contract, the branch of Donaldson's motion seeking to dismiss defendants' contractual indemnification claims is denied.  Donaldson's contention that the change order included a new indemnification clause that superseded the original clause is unavailing.  The purportedly superseding clause was located in a contract between JRM and Guardian, and pertained to JRM's indemnification obligations with respect to Guardian, not any obligations between Donaldson and JRM.  Donaldson's contention that it cannot be required to indemnify JRM because it did not create the allegedly dangerous condition and had no notice of it are also unavailing.  In any event, Donaldson failed to make a prima facie showing that it lacked notice, as evidenced by the testimony of its project executive that he was aware of the height differential between the floors inside and outside of the industrial closets prior to plaintiff's incident.

*ii.  Defendants' Breach of Contract Claim*

Donaldson contends that it is entitled to summary dismissal of defendants' breach of contract claims because it purchased the proper insurance as required by the contract.  Defendants maintain in opposition that the evidence provided by Donaldson from nonparties Zurich Insurance, Starr Indemnity, and Liberty Mutual, does not establish that sufficient coverage was procured.

**161759/2019   WILLIAMSON, WILLIAM vs. GUARDIAN LIFE INSURANCE**
**Motion No.  004 005**

Page 14 of 17

14 of 17

Donaldson has made a prima facie showing that it procured sufficient insurance coverage based on its submission of the Zurich policy providing that defendants were additional insureds. Defendants fail to satisfy their shifted burden to demonstrate questions of fact exist. Therefore, Donaldson is entitled to summary dismissal of this claim (*see Mena v 5 Beekman Prop. Owner LLC*, 212 AD3d 466, 467-468 [1st Dept 2023] [dismissing claim for breach of contract for failure to procure insurance because third-party defendant produced evidence of insurance coverage]; *Itara v Masaryk Towers Corp.*, 211 AD3d 605, 606 [1st Dept 2022] [similar]).

The parties' remaining contentions are either without merit or need not be addressed given the findings above.


Accordingly, it is hereby:

ORDERED that the motion (seq. 005) by defendants The Guardian Life Insurance Company of America and JRM Construction Management, LLC is decided as follows:

- the branch of the motion seeking summary judgment dismissing plaintiff's Labor Law § 240(1) claim is granted;

- the branch of the motion seeking summary judgment dismissing plaintiff's Labor Law § 241(6) claims is granted except as to plaintiff's Labor Law § 241(6) claim predicated on 12 NYCRR 23-1.30; and

- the branch of the motion seeking summary judgment against third-party defendant Donaldson Interiors Inc., is conditionally granted to the extent that Donaldson will be required to indemnify defendants to the extent that Donaldson may be found negligent; and it is further

**161759/2019 WILLIAMSON, WILLIAM vs. GUARDIAN LIFE INSURANCE**
**Motion No. 004 005**

**Page 15 of 17**

15 of 17

[* 15]

ORDERED that the cross-motion (Seq. 005) by plaintiff for summary judgment on the issue of liability under Labor Law §§ 240(1) and 241(6) as against defendants The Guardian Life Insurance Company of America and JRM Construction Management, LLC is denied; and it is further

ORDERED that the motion (Seq. 004) by third-party defendant Donaldson Interiors Inc. for summary judgment dismissing the third-party complaint is decided as follows:

- the branch of the motion seeking summary judgment dismissing defendants' common-law indemnification and contribution claims is granted without opposition;

- the branch of the motion seeking summary dismissal of defendants' breach of contract claims is granted; and it is further

- the branch of the motion seeking summary dismissal of defendants' contractual indemnification claims is denied; and it is further

ORDERED that the claims by plaintiff against defendants The Guardian Life Insurance Company of America and JRM Construction Management, LLC for violations of Labor Law §§ 240(1) and § 241(6), except for the Labor Law § 241(6) claim predicated on violations of 12 NYCRR 23-1.30, are severed and dismissed; and it is further

ORDERED that the claims by defendants The Guardian Life Insurance Company of America and JRM Construction Management, LLC against third-party defendant Donaldson Interiors Inc. for breach of contract, common-law indemnification, and contribution are severed and dismissed; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly; and it is further

**161759/2019   WILLIAMSON, WILLIAM vs. GUARDIAN LIFE INSURANCE**
**Motion No.  004 005**

**Page 16 of 17**

16 of 17

[* 16]

ORDERED that the parties are to appear for a settlement/trial scheduling conference in person at 71 Thomas Street, Room 305, on August 7, 2024, at 10:00a.m.

<u>6/4/2024</u>
**DATE**

**DAVID B. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161759/2019   WILLIAMSON, WILLIAM vs. GUARDIAN LIFE INSURANCE**
**Motion No.  004 005**

Page 17 of 17