DeOleo v 90 Fifth Owner, LLC (2024 NY Slip Op 05306)

DeOleo v 90 Fifth Owner, LLC

2024 NY Slip Op 05306

Decided on October 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 29, 2024

Before: Singh, J.P., Pitt-Burke, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 30885/17, 43376/18, 43169/19 Appeal No. 2909 Case No. 2024-01465 

[*1]Raffi DeOleo, Plaintiff-Respondent,
v
90 Fifth Owner, LLC, et al., Defendants-Appellants. [And Third-Party Actions]

O'Connor Redd Orlando LLP, Port Chester (Jerri A. DeCamp of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered October 16, 2023, which, to the extent appealed from, granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim and denied defendants' motion to dismiss the Labor Law §§ 240(1) and 241(6) causes of action as against both defendants and the Labor Law § 200 causes of action as against defendant Tri Star Construction Corp., unanimously affirmed, without costs.
Plaintiff, an employee of painting subcontractor Central Painting LLC, was assigned to caulk windows as part of building renovations. Plaintiff testified that there were no ladders available in the supply room and that his supervisor directed him to complete the task however he could. He used a bucket placed on top of a convector to reach the window tops and was injured when, while dismounting from the bucket, he stepped into a hole in the convector cover.
Plaintiff's established prima facie that he was entitled to judgment as a matter of law as to liability on his Labor Law § 240(1) cause of action, as his work caulking the tops of windows that were approximately 12 feet off the floor subjected him to elevation-related risks covered by Labor Law § 240(1) (see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 100 n 3 [2015]). Furthermore, a bucket was "an inadequate safety device that failed to provide proper protection" (Ferguson v Durst Pyramid, LLC, 178 AD3d 634, 635 [1st Dept 2019]). Accordingly, plaintiff sustained his burden of demonstrating that he was injured while performing work involving an elevation-related risk and that he did not have access to any suitable ladders, scaffolds, or other safety equipment to protect him from the elevation-related risks inherent in his assigned task (see Favaloro v Port Auth. of N.Y. & N. J., 191 AD3d 524, 524-525 [1st Dept 2021]).
In opposition, defendants failed to raise a triable issue of fact as to whether plaintiff was a recalcitrant worker in that he knew that a ladder was available for his use, he was expected to use the ladder for his work, yet "chose for no good reason not to do so" (Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [2020]; see Maltese v Port Auth. of N.Y. and N. J., 199 AD3d 612, 613 [1st Dept 2021]). Plaintiff's supervisor's equivocal statement that he believed that Central Painting's ladders were in plaintiff's vicinity is insufficient to raise a triable issue of fact (see Linares v Massachusetts Mutual Life Ins., 225 AD3d 520, 521 [1st Dept 2024]).
Plaintiff testified that he checked the designated supply room, but no Central Painting ladders were present, and that he was denied the use of other trades safety devices (cf. Gallagher v New York Post, 14 NY3d 83, 88-89 [2010]). While plaintiff's supervisor and coworker testified generally that the painters were expected to use ladders to reach elevated surfaces, neither one of them testified that plaintiff was informed that a ladder was necessary [*2]to complete his assignment on the day of his injury (see Stolt v General Foods Corp., 81 NY2d 918, 920 [1993]; Maltese, 199 AD3d at 613).
Thus, defendant's submissions fail to refute plaintiff's testimony that his supervisor informed him that if no ladders were available he should employ a bucket to complete his assigned task (see Harris v City of New York, 83 AD3d 104, 110-111 [1st Dept 2011]).
In view of the foregoing, defendants' arguments regarding plaintiff's Labor Law §§ 200 and 241(6) causes of action are academic (see Fanning v Rockefeller Univ., 106 AD3d 484, 485 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2024