Williams v McAlpine Contr. Co. (2025 NY Slip Op 00936)

Williams v McAlpine Contr. Co.

2025 NY Slip Op 00936

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Kern, J.P., Moulton, Kapnick, Gesmer, Pitt-Burke, JJ. 

Index No. 159851/19, 595251/20 Appeal No. 3699-3700 Case No. 2023-05012, 2023-05592 

[*1]Jeffrey Williams, Plaintiff-Appellant-Respondent,
v
McAlpine Contracting Co. et al., Defendants-Respondents-Appellants.

McAlpine Contracting Co. et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Bedrock Plumbing & Heating, Inc., Third-Party Defendant-Respondent.

The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for appellant-respondent.
Black Marjieh & Sanford LLP, Elmsford (Mark Jordan-Poinsette of counsel), for McAlpine Contracting Co. and Sandy 350 LLC, respondents-appellants.
Lester Schwab Katz & Dwyer, LLP, New York (John Sandercock of counsel), for Bedrock Plumbing & Heating, Inc., respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about August 7, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 200 cause of action and dismissing defendants' first and second affirmative defenses, unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 7, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action, and denied the motion insofar as it sought dismissal of the Labor Law § 241(6) cause of action based on 12 NYCRR § 23-1.7(e) and the third-party claims for contractual indemnification and breach of contract against third-party defendant Bedrock Plumbing & Heating, Inc., unanimously modified, on the law, to the extent of granting the motion insofar as dismissing plaintiff's Labor Law § 241(6) cause of action and denying the motion insofar as it sought dismissal of the common-law negligence and Labor Law § 200 causes of action, and otherwise affirmed, without costs.
Plaintiff testified that he was injured when he fell while walking on raised curbing that was in the middle of a pathway leading to his employer's shop at a construction site. Defendant Sandy 350 was the owner, defendant McAlpine Contracting was the general contractor, and third-party defendant Bedrock, a subcontractor, was plaintiff's employer.
Defendants established prima facie entitlement to summary judgment dismissing the Labor Law § 241(6) cause of action predicated on Industrial Code § 23-1.7(e)(1), which pertains to tripping hazards, because plaintiff admitted that he did not trip on the raised curbing or any debris (see Carty v Port Auth. of N.Y. & N.J., 32 AD3d 732, 733 [1st Dept 2006], lv denied 8 NY3d 814 [2007]). In opposition, plaintiff did not raise a triable issue of fact. The opinion of plaintiff's expert that plaintiff tripped on the raised curbing was not supported by admissible evidence in the record and was contradictory to plaintiff's own testimony (see Coyle v Dos-Santos, 231 AD3d 573, 574 [1st Dept 2024]).
However, issues of fact preclude the grant of summary judgment to either plaintiff or defendants on the common-law negligence and Labor Law § 200 causes of action. Those claims arise from an alleged dangerous condition on the site, not from the means and methods of plaintiff's work. "Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]; see Herrero v 2146 Nostrand Ave. Assoc., LLC, 193 AD3d 421, 423 [1st Dept 2021]). Here, defendants' witness acknowledged that workers were not supposed to walk on the pathway with the raised curbing, which was to [*2]become part of the final structure. McAlpine Contracting's superintendent testified that it would be against the rules for a worker to use the pathway as a shortcut. However, the record contains conflicting evidence as to whether defendants knew or should have known that workers continued to use the pathway, despite a plywood barrier, which according to testimony could easily be removed. There is also an issue of fact as to whether plaintiff's fall was caused by a dangerous condition of the curbing, or whether he lost his footing as he was stepping off the curbing.
Furthermore, issues of fact as to whether plaintiff was aware of the danger of the path or otherwise contributed to the accident preclude dismissal of defendants' affirmative defense of comparative negligence (see Farrugia v 1440 Broadway Assoc., 163 AD3d 452, 454-455 [1st Dept 2018]).
Because there are issues of fact as to defendants' negligence, they are not entitled to summary judgment on their contractual indemnification claim against Bedrock (see Crespo v Triad, Inc., 294 AD2d 145, 147 [1st Dept 2002]). The court properly denied defendants' motion for summary judgment on their breach of contract for failure to procure insurance claim because they failed to establish that the umbrella/excess insurance policies procured by Bedrock did not comport with the requirements of its subcontract with McAlpine (see Hammer v ACC Constr. Corp., 193 AD3d 455, 457 [1st Dept 2021]). Defendants also failed to establish that they were not named additional insureds under the policies (see Perez v Morse Diesel Intl., Inc., 10 AD3d 497, 498 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025